IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
ASSIGNED ON BRIEFS FEBRUARY 27, 2006

## KENNETH T. WHALUM, JR., ET AL. v. PAMELA HARRIS MARSHALL, ET AL.

Direct Appeal from the Chancery Court for Shelby County
No. CH-03-0008-1     Walter L. Evans, Chancellor

No. W2005-01823-COA-R3-CV - Filed May 9, 2006

After delinquent property taxes accumulated on certain real property, the city and county pursued a tax sale of the subject property. The defendant purchased the property at the tax sale and received a deed from the clerk of the chancery court. After the one-year redemption period expired, the plaintiffs filed suit against various individuals and entities, including the present owner of the property and the county, seeking to rescind the sale. Specifically, the plaintiffs alleged that they were not provided with notice of the sale. The county subsequently conceded that it did not provide notice of the sale to the plaintiffs. The plaintiffs filed a motion for summary judgment. The present owner did not file an answer to the complaint and did not respond to the motion for summary judgment. After the trial court granted summary judgment to the plaintiffs, the present owner of the property filed a motion pursuant to Tennessee Rule of Civil Procedure 59.04 asking the trial court to set aside the order granting summary judgment. In her motion, the present owner sought to introduce evidence related to her claim that she was entitled to reimbursement for the approximately $68,000 spent improving the property. The trial court denied the motion, and the present owner appealed to this Court. We affirm the decisions of the chancery court in all respects. Moreover, we find this appeal to be so devoid of merit as to warrant the imposition of damages for the filing of a frivolous appeal.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Kevin A. Snider, Germantown, TN, for Appellant, Pamela Harris Marshall

Brian L. Kuhn, Shelby County Attorney, Thomas E. Williams, Assistant County Attorney, Memphis, TN, for Appellee, Shelby County, TN

Patrick M. Dandridge, Memphis, TN, for Appellees Kenneth T. Whalum, Jr., et al

**OPINION**

## I.
### FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

In July of 1998, Kirkenkev Enterprises, Inc. ("Kirkenkev Enterprises") acquired real property located at 3627 Park Avenue in Memphis, Shelby County, Tennessee from Larry Rucker by quitclaim deed, which Kirkenkev Enterprises duly recorded in the Shelby County Register's office. In March of 1999, Kirkenkev Enterprises conveyed the property to Donald Crump, retaining a lien on the property pursuant to a Deed of Trust executed by the parties. Both the City of Memphis and Shelby County held delinquent property tax liens on the property; Shelby County having a lien for delinquent taxes in the amount of $7,437.25 for tax years 1997 through 2000 and the City of Memphis having a lien for delinquent taxes in the amount of $4,131.21 for tax years 1998 through 2000.

Following a suit to enforce the tax liens placed upon the property at issue, the Chancery Court of Shelby County approved the sale of the subject property. At the tax sale, Pamela Harris Marshall ("Marshall" or "Appellant") purchased the property for $19,600. Kenny W. Armstrong, Clerk and Master of the Chancery Court of Shelby County, subsequently issued a Clerk and Master's Tax Deed to Marshall, thereby giving her fee simple title to the property subject only to the right of redemption.

On January 3, 2003, Kirkenkev Enterprises and its vice-president, Kenneth T. Whalum, Jr. ("Whalum" or, collectively with Kirkenkev Enterprises and Shelby County, the "Appellees"), filed suit against all individuals and entities associated with the sale of the property, to include the following: Marshall; Donald Crump; Eva Crump; Myra Quinn; Fearnley and Califf; Bob Patterson, in his capacity as Shelby County Trustee; Rita Clark, in her capacity as Shelby County Assessor of Property; Kenny W. Armstrong, in his capacity as Clerk and Master of the Chancery Court of Shelby County; and Shelby County, Tennessee. In their complaint, Kirkenkev Enterprises and Whalum asserted that they did not discover that the sale had taken place until the one-year redemption period in section 67-5-2701 *et seq.* of the Tennessee Code expired, and they asked the chancery court to set aside the tax sale due to the fact that they were never provided with notice of the impending sale.

---

[1] Our ability to review the record and extract those facts pertinent to a proper disposition of this case has been somewhat hampered by the state of the briefs filed by the parties. The record on appeal consists of numerous documents related to the enforcement of various tax liens, many of which in no way relate to the parties or the property at issue in this appeal. The Tennessee Rules of Appellate Procedure provide that an Appellant's brief shall contain "[a] statement of facts, setting forth the facts relevant to the issues presented for review *with appropriate references to the record*." TENN. R. APP. P. 27(a)(6) (2005) (emphasis added). Further, unless the Appellant chooses to supply an appendix to his or her brief, *see* TENN. R. APP. P. 28 (2005), "reference in the briefs to the record shall be to the pages of the record involved," TENN. R. APP. P. 27(g) (2005).

Yet, conspicuously absent from the fact section of the Brief of Appellant in this case is any citation to the record. Nor are we aided by the briefs filed by the Appellees in this case. The fact section of the brief submitted by Shelby County, Tennessee likewise contains no citation to the record, and the brief submitted by Kenneth T. Whalum, Jr. and Kirkenkev Enterprises, Inc., while it does provide some citation to the record, does not provide a citation for many facts set forth therein.

Shelby County subsequently conceded that it provided no notice of the tax sale to Kirkenkev Enterprises or Whalum.

Both Marshall, being represented by attorney J.D. Barton at the time, and Shelby County filed motions to dismiss the complaint for failure to state a claim upon which relief could be granted, which the chancery court denied. Marshall subsequently retained attorney Angela L. Jenkins-Hines to represent her in the matter. On March 26, 2004, however, the chancellor granted Ms. Hines' request to withdraw from representing Marshall. Kirkenkev Enterprises and Whalum ultimately decided to voluntarily dismiss their claims against all of the defendants except for Marshall and Shelby County.

On July 16, 2004, Kirkenkev Enterprises and Whalum filed their motion for summary judgment in the case. Marshall, who was not represented by counsel at the time, did not file a response to the motion. The chancellor conducted a hearing on the motion on August 27, 2004, which Marshall did not attend. On October 22, 2004, the chancery court entered an order granting summary judgment to Kirkenkev Enterprises and Whalum, concluding that they did not receive the notice of the sale to which they were entitled. In the order granting summary judgment to Kirkenkev Enterprises and Whalum, the chancery court also ruled as follows:

> The Clerk and Master shall pay to Pamela H. Marshall, from the sum deposited by the Petitioner, as interpleader, $7,437.25 for Shelby County, Tennessee taxes and $4,131.21 for the City of Memphis, Tennessee taxes that were due at the time of the tax sale; $311.37 tax sale commission and statutory interest on the total of this amount; all previously paid by Pamela H. Marshall, for a total of $11,879.80, plus statutory interest. The Clerk shall also distribute to Pamela H. Marshall from the balance of funds held under T.R.D. 9459-1, Tax Sale 97.3, Exhibit 7191, the amount of $7,720.17, which is the combined totals of these amounts represent [sic] the purchase price of $19,600 paid by Pamela Marshall for the property, plus statutory interest. The Clerk of Court shall further pay to Pamela Harris Marshall, from the total monies deposited with the Clerk of Court, $6,299.51 for taxes paid by Pamela H. Marshall for tax years 2001 through 2004 to the City of Memphis, and $5,558.41 that she paid to the County of Shelby, plus the statutory interest on said taxes for 2001 through 2003, for a total refund of taxes paid amount of $11,857.92, plus statutory interest, upon receipt of satisfactory evidence that these tax [sic] were paid by Pamela Harris Marshall.

This order, however, did not contain a certificate of service, and the chancellor entered a modified order on February 22, 2005, which included a certificate of service.

On January 27, 2005, Marshall retained attorney Berl Brendan Olswanger, III to represent her in the litigation. On March 24, 2005, Marshall's new counsel filed a motion on her behalf, pursuant to Tennessee Rule of Civil Procedure 59.04, asking the chancery court to set aside its order granting summary judgment to Kirkenkev Enterprises and Whalum. Attached to the motion were numerous exhibits which Marshall argued would create a genuine issue of material fact as to whether she was entitled to reimbursement of the approximately $68,000 that she spent improving and maintaining the real property at issue. The chancery court subsequently denied the motion, and Marshall timely filed an appeal to this Court. Prior to pursuing her appeal in this Court, Marshall once again secured the services of a new attorney, Kevin A. Snider.

On appeal, Marshall presents, as we perceive them, the following issues for our review:

1.    Whether the chancery court erred in denying the Appellant's motion filed pursuant to Tennessee Rule of Civil Procedure 59.04 seeking to alter or amend the order granting summary judgment to Kirkenkev Enterprises and Whalum; and
2.    Whether the chancery court erred in granting summary judgment to Kirkenkev Enterprises and Whalum.

For the reasons set forth more fully herein, we affirm the decisions of the chancery court.

## II.
### ANALYSIS

#### A.
#### *Denial of Appellant's Rule 59.04 Motion*

We must begin by addressing the issue of whether the trial court erred when it denied Marshall's motion to set aide the order granting summary judgment to Kirkenkev Enterprises and Whalum, which she filed pursuant to Rule 59.04 of the Tennessee Rules of Civil Procedure. Beginning our analysis of this case at this point is necessary because, should we affirm the trial court's denial of the motion, it would not be necessary for this Court to consider the evidentiary materials appended to that motion when evaluating the trial court's grant of summary judgment to Kirkenkev Enterprises and Whalum. *See Bradley v. McLeod*, 984 S.W.2d 929, 932 (Tenn. Ct. App. 1998) ("Thus, if we affirm the denial of the [Appellants'] Tenn. R. Civ. P. 59.04 motion, we will not consider the evidentiary materials attached to it when reviewing the trial court's decision to grant the summary judgment."). "We review a trial court's denial of a Tenn. R. Civ. P. 59.04 motion to alter or amend a judgment for abuse of discretion." *Chambliss v. Stohler*, 124 S.W.3d 116, 120 (Tenn. Ct. App. 2003) (citing *Bradley*, 984 S.W.2d at 933).

On appeal, Marshall concedes that she did not file a response to the motion for summary judgment filed by Kirkenkev Enterprises and Whalum. She maintains, however, that she did not believe that a resolution of the motion in favor of Kirkenkev Enterprises and Whalum would thwart her ability to recover the approximately $68,000 she spent improving the property. Marshall

contends that the chancery court erred in denying her motion because it included additional evidence that created a genuine issue of material fact as to whether she is entitled to a reimbursement in this case. In that section of her brief addressing this issue, Marshall does not cite to a single source of authority supporting her position on appeal.

The appropriate standard to apply when evaluating a motion filed pursuant to Rule 59.04 of the Tennessee Rules of Civil Procedure has eluded the courts of this state for many years. The rule provides that "[a] motion to alter or amend a judgment shall be filed and served within thirty (30) days after the entry of the judgment." TENN. R. CIV. P. 59.04 (2005).[2] "The purpose of Tenn. R. Civ. P. 59 motions is to prevent unnecessary appeals by providing trial courts with an opportunity to correct errors before a judgment becomes final." **Bradley**, 984 S.W.2d at 933 (citing **Rupe v. Durbin Durco, Inc.**, 557 S.W.2d 742, 748 (Tenn. Ct. App. 1976), *overruled on other grounds by* **Crosslin v. Alsup**, 594 S.W.2d 379, 380 (Tenn. 1980)). A Rule 59.04 motion addresses itself to final judgments. **See Harris v. Chern**, 33 S.W.3d 741, 743–44 (Tenn. 2000) (discussing the differences between motions filed under Rule 54.02, governing non-final judgments, and motions filed under Rule 59.04, dealing with final judgments).

In **Schaefer v. Larsen**, 688 S.W.2d 430, 433–34 (Tenn. Ct. App. 1984), the Western Section of this Court, when reviewing a trial court's denial of a plaintiff's motion to alter or amend the order granting summary judgment to the defendants, stated as follows:

> [W]e are not at all satisfied that the strict requirement of rules regarding newly discovered evidence should be applied to the matter of summary judgments. In matters of newly discovered evidence, the parties have already had *a trial*. The parties are entitled to one trial. The basic purpose of courts and judges is to afford the citizenry a public forum to air disputes. Therefore, in newly discovered evidence circumstances, the parties have already received that which they are basically entitled to receive and one or the other, after a full trial, is seeking a new trial or decision on the issues. In short, a party is seeking a second trial. Courts should be cautious in granting a new trial on the grounds of allegedly newly discovered evidence. However, in the matter of the reconsideration of the granting of a summary judgment motion, the party is only seeking that which he is basically entitled to — a first trial. We are of the opinion that when a summary judgment has been granted because the case at that point presents no facts upon which a plaintiff can recover, but prior to that judgment becoming final, the plaintiff is able to produce by motion facts which are material and are in dispute, the motion to alter or

---

[2] The trial court entered the modified order granting summary judgment to Kirkenkev Enterprises and Whalum on February 22, 2005. Marshall filed her Rule 59.04 motion on March 25, 2005. No issue is presented regarding the timeliness of Marshall's motion in the trial court. *See* TENN. R. CIV. P. 6 (2005) (governing the computation of time).

amend the judgment should be looked upon with favor, as the purpose of the summary judgment procedure is not to abate the trial docket of the Trial Court, but only to weed out cases for trial in which there is no genuine issue of fact.

(emphasis in original). The Middle Section of this Court followed with an opinion rejecting the lenient standard enunciated in *Schaefer*, instead choosing to adopt the following framework for evaluating Rule 59.04 motions:

> Tenn. R. Civ. P. 59.04 motions may be granted (1) when the controlling law changes before a judgment becomes final, (2) when previously unavailable evidence becomes available, or (3) when, for sui generis reasons, a judgment should be amended to correct a clear error of law or to prevent injustice. They should not, however, be granted if they are simply seeking to relitigate matters that have already been adjudicated. Thus, a Tenn. R. Civ. P. 59.04 motion should not be used to alter or amend a summary judgment if it seeks to raise new, previously untried legal theories, to present new, previously unasserted legal arguments, or to introduce new evidence that could have been adduced and presented while the summary judgment motion was pending.

*Bradley v. McLeod*, 984 S.W.2d 929, 933 (Tenn. Ct. App. 1998) (citations omitted).

In *Harris v. Chern*, 33 S.W.3d 741, 742 (Tenn. 2000), the Tennessee Supreme Court was asked to decide "the standard to be applied in ruling upon a Tenn. R. Civ. P. 54.02 motion to revise a grant of partial summary judgment based upon evidence beyond that which was before the court when the motion was initially granted." The supreme court began by noting the differences between a Rule 54.02 motion and a Rule 59.04 motion, but the supreme court went on to state that, while these rules are not synonymous, "[c]ases analyzing Rule 59.04 motions to alter or amend, however, offer some guidance in determining the standard for revising non-final orders." *Id.* at 743–44. When evaluating the trial court's denial of the Rule 54.02 motion in *Harris*, the supreme court held:

> The opposing outcomes in *Schaefer* and *Bradley* illustrate that in deciding whether to alter, amend, or revise a summary judgment, "two important judicial imperatives clash: the need to bring litigation to an end and the need to render just decisions on the basis of all the facts." We find that neither *Schaefer* nor *Bradley* adequately addresses both imperatives as regards Rule 54.02 motions to revise when additional evidence is submitted to overcome a grant of partial summary judgment. Adoption of the strict *Bradley* rule would restrict Tennessee trial judges from exercising their broad discretion, while adoption of the *Schaefer* rationale would provide them too little

-6-

guidance. Accordingly, we find it appropriate to adopt, as has been done by some federal courts in interpreting Fed. R. Civ. P. 59(e), a non-exclusive balancing test to be applied on a case-by-case basis.

When additional evidence is submitted in support of a Rule 54.02 motion to revise a grant of summary judgment, a trial court should consider, when applicable: 1) the movant's efforts to obtain evidence to respond to the motion for summary judgment; 2) the importance of the newly submitted evidence to the movant's case; 3) the explanation offered by the movant for its failure to offer the newly submitted evidence in its initial response to the motion for summary judgment; 4) the likelihood that the nonmoving party will suffer unfair prejudice; and 5) any other relevant factor.

Accordingly, we hold that the "newly discovered evidence" standard need not be satisfied before a trial court revises a partial summary judgment under Rule 54.02 on the basis of additional evidence. When additional evidence is offered by a litigant to overcome a grant of summary judgment pursuant to Rule 54.02, trial courts must undertake the above-stated balancing analysis and should make adequate findings of fact and conclusions of law on the record to support their rulings. We find this approach strikes the appropriate balance between *Schaefer* and *Bradley*. It permits our courts the discretion to dispose of those cases for which summary judgment is appropriate and to ensure that meritorious claims go to trial.

*Id.* at 744–46 (citations omitted) (footnotes omitted).

In *Harris*, the supreme court provided the following guidance in a footnote:

The question of what standard to apply in ruling on a Rule 59.04 motion to alter or amend, presented in *Schaefer* and *Bradley*, is not directly at issue in this case and is thus beyond our reach. We note, however, that many of the same considerations discussed herein would be applicable when a litigant submits additional evidence as party of a Rule 59.04 motion to alter or amend a summary judgment.

*Id.* at 746 n.4. The Eastern Section of this Court subsequently noted that a review of the case history of *Bradley v. McLeod* would reveal that it had been overruled by *Harris v. Chern*. **Chambliss v. Stohler**, 124 S.W.3d 116, 120 n.1 (Tenn. Ct. App. 2003). Citing the aforementioned footnote from *Harris*, this Court questioned whether *Harris* had indeed overruled our prior holding in *Bradley*. **Id.** When reviewing the trial court's denial of the plaintiff's motion to alter or amend the grant of summary judgment to the defendant in *Chambliss*, we stated that "[t]he standard set out in *Bradley* . . . takes into account several of the same factors considered in *Harris*." **Id.** at 121. Accordingly, this Court appeared to condone the application of a hybrid approach for evaluating motions filed

pursuant to Rule 59.04 of the Tennessee Rules of Civil Procedure, *see id.* at 121–22, an approach that has been applied in subsequent cases, *see*, *e.g.*, **Robinson v. Currey**, 153 S.W.3d 32, 38–39 (Tenn. Ct. App. 2004).

Any confusion resulting from the case law appears to have been resolved by our supreme court in **Stovall v. Clarke**, 113 S.W.3d 715, 721 (Tenn. 2003), wherein our supreme court stated:

> A party may file a motion to alter or amend a judgment within thirty (30) days after its entry. *See* Tenn. R. Civ. P. 59.04. When additional evidence is presented in support of such a motion, the trial court should consider the factors applicable to a motion to revise a partial summary judgment pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure: the moving party's effort to obtain the evidence in responding to the summary judgment; the importance of the new evidence to the moving party's case; the moving party's explanation for failing to offer the evidence in responding to the summary judgment; the unfair prejudice to the non-moving party; and any other relevant consideration. *Harris v. Chern*, 33 S.W.3d 741, 744 (Tenn. 2000) ("Cases analyzing Rule 59.04 motions to alter or amend . . . offer some guidance in determining the standard for revising non-final orders.").

Thus, our supreme court has set forth the framework that must be used to evaluate a party's motion filed pursuant to Rule 59.04 of the Tennessee Rules of Civil Procedure.[3]

Utilizing the balancing test set forth in *Stovall v. Clarke*, we now turn our attention to the present case. The evidence accompanying Marshall's Rule 59.04 motion in no way relates to the motion for summary judgment filed by Kirkenkev Enterprises and Whalum. In their complaint, Kirkenkev Enterprises and Whalum sought to set aside the tax sale of the subject property by arguing that they were not provided notice of the sale. Shelby County subsequently conceded that it did not provide notice of the sale to Kirkenkev Enterprises or Whalum. The evidence presented by Marshall post-judgment, which relates to her contention that she is entitled to reimbursement of approximately $68,000 that she spent improving the property at issue, would not create a genuine issue of material fact as to whether notice was provided in this case. If Marshall wished to pursue a claim for reimbursement of the money expended on improving the property, which would represent an amount in excess of the funds the trial court already awarded her under applicable law, she certainly could have filed a counterclaim or cross-claim alleging that cause of action. *See* TENN. R. CIV. P. 13 (2005). All of the evidence tending to prove such claim (i.e. the receipts appended to her Rule 59.04 motion) was available to Marshall at the time Kirkenkev Enterprises and Whalum filed their

---

[3] *See* Bradley H. Smith, Note, *The Tennessee Rules of Civil Procedure — Solving the Motion to Reconsider Conundrum*, 34 U. MEM. L. REV. 661, 665–74 (2004) (discussing the historical progression of appellate evaluation of Rule 59.04 motions leading up to our supreme court's decision in *Stovall v. Clarke*).

complaint and subsequent motion for summary judgment. Yet, Marshall chose to remain silent, and she fails to offer a plausible explanation for that silence in her appeal to this Court.

On appeal, Marshall seeks to raise, as an additional issue, whether she should be allowed to seek reimbursement under an unjust enrichment theory of recovery. It is a well-established rule that the appellate courts of this state will not entertain causes of action presented for the first time on appeal. *See*, *e.g.*, *In re Adoption of E.N.R.*, 42 S.W.3d 26, 31–32 (Tenn. 2001); *Black v. Blount*, 938 S.W.2d 394, 403 (Tenn. 1996); *Lawrence v. Stanford*, 655 S.W.2d 927, 929 (Tenn. 1983). Marshall asks this Court to overlook her ineptitude and grant her another opportunity to pursue her claim in the trial court. We decline her request. Utilizing the balancing test adopted by our supreme court in *Stovall v. Clarke* for evaluating motions filed pursuant to Rule 59.04 of the Tennessee Rules of Civil Procedure, we hold that the trial court did not abuse its discretion in denying Marshall's motion.

### B.
### *Summary Judgment*

Having determined that the trial court did not err when it refused to reconsider the grant of summary judgment to Kirkenkev Enterprises and Whalum in light of the evidence presented by Marshall in her post-judgment motion, we turn our attention to the propriety of the trial court's decision to grant their motion for summary judgment. The review of a trial court's grant of summary judgment to a party presents a question of law, therefore, we will review such decisions de novo without affording a presumption of correctness to the trial court's decision. *Mooney v. Sneed*, 30 S.W.3d 304, 306 (Tenn. 2000). "Our task on appeal is to review the record to determine whether the requirements for granting summary judgment have been met." *Church v. Perales*, 39 S.W.3d 149, 157 (Tenn. Ct. App. 2000). To that end, this Court must employ the same familiar standards used by the trial court when deciding whether to grant summary judgment to a party. *Prince v. St. Thomas Hosp.*, 945 S.W.2d 731, 733 (Tenn. Ct. App. 1996).

On appeal, Marshall argues that summary judgment should never be granted based solely on the non-movant's failure to respond to the motion. She maintains that the trial court erred in granting summary judgment to Kirkenkev Enterprises and Whalum because their motion for summary judgment, along with the statement of undisputed facts, memorandum of law, and the affidavit of Whalum submitted in support thereof, failed to shift the burden and trigger her need to respond to the motion. Specifically, Marshall argues that these documents failed to negate her claim for reimbursement, which, as previously noted, she never presented below. Further, Marshall asks this Court to recognize the fact that she was a pro se litigant when the motion for summary judgment was filed. Finally, she asks this Court, in the alternative, to treat the trial court's order as a grant of partial summary judgment and to remand the case to the trial court for a trial on her claim for reimbursement.

We are hard pressed to understand exactly how Marshall conceives of Kirkenkev Enterprises and Whalum responding to a claim that she never filed or raised in the trial court. In this case,

Marshall never filed an answer, a counterclaim, cross-claim, or a response to the motion for summary judgment. Thus, Kirkenkev Enterprises and Whalum were never placed on notice that Marshall intended to seek a cause of action for reimbursement of the monies expended on improving the property at issue. Clairvoyance on the part of the party moving for summary judgment has never been the standard by which such motions are evaluated in this state.

We are cognizant of the fact that, when Marshall was served with notice of the motion for summary judgment, she was not represented by counsel. "*Pro se* litigants who invoke the complex and sometimes technical procedures of the courts assume a very heavy burden." ***Irvin v. City of Clarksville***, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988) (citing ***Gray v. Stillman White Co.***, 522 A.2d 737, 741 (R.I. 1987)). "Nonetheless, trial courts are expected to appreciate and be understanding of the difficulties encountered by a party who is embarking into the maze of the judicial process with no experience or formal training." ***Id.*** The following also must be noted:

> However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

***Young v. Barrow***, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003) (citing ***Edmundson v. Pratt***, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996); ***Kaylor v. Bradley***, 912 S.W.2d 728, 733 n.4 (Tenn. Ct. App. 1995)).

Marshall contends that a trial court may never grant summary judgment simply because the non-moving party fails to respond to the motion. The applicable law, however, is otherwise. The Tennessee Rules of Civil Procedure provide as follows:

> In order to assist the Court in ascertaining whether there are any material facts in dispute, any motion for summary judgment made pursuant to Rule 56 of the Tennessee Rules of Civil Procedure shall be accompanied by a separate concise statement of the material facts as to which the moving party contends there is no genuine issue for trial. Each fact shall be set forth in a separate, numbered paragraph. Each fact shall be supported by a specific citation to the record.
> Any party opposing the motion for summary judgment *must*, not later than five days before the hearing, *serve and file a response to each fact set forth by the movant* either (i) agreeing that the fact is undisputed, (ii) agreeing that the fact is undisputed for purposes of ruling on the motion for summary judgment only, or (iii) demonstrating that the fact is disputed. Each disputed fact must be supported by specific citation to the record. Such response shall be

filed with the papers in response to the motion for summary judgment.

In addition, *the non-movant's response may contain a concise statement of any additional facts that the non-movant contends are material and as to which the non-movant contends there exists a genuine issue to be tried.*

Tenn. R. Civ. P. 56.03 (2005) (emphasis added). "Parties on both sides of a summary judgment motion must heed [these] standards." **Robinson v. Currey**, 153 S.W.3d 32, 39 (Tenn. Ct. App. 2004). "Once confronted with a motion for summary judgment, the opponent to the motion cannot take it lightly and is required to demonstrate why granting a motion for summary judgment would be inappropriate." **Knapp v. Holiday Inns, Inc.**, 682 S.W.2d 936, 940 (Tenn. Ct. App. 1984); *see also Bradley v. McLeod*, 984 S.W.2d 929, 932 (Tenn. Ct. App. 1998) (noting the increasing frequency with which litigants fail to take motions for summary judgment seriously until they have been granted). "The non-moving party must fully oppose a motion for summary judgment before it is granted rather than rely on Rule 59.04 to overturn a summary judgment after only weakly opposing the motion." **Chambliss v. Stohler**, 124 S.W.3d 116, 121 (Tenn. Ct. App. 2003); *see also **Robinson**, 153 S.W.3d at 39.

Marshall does not argue on appeal that disputed issues of fact exist as to whether Kirkenkev Enterprises and Whalum received notice of the tax sale, which was the subject of the motion for summary judgment in the trial court. Instead, Marshall would argue that, since her claim for reimbursement was not before the trial court, it was not appropriate to grant summary judgment to Kirkenkev Enterprises and Whalum when their motion did not address itself to her claim. That is precisely why Marshall is now precluded from seeking to set aside the grant of summary judgment against her. Regarding this line of reasoning, we have previously stated:

Although the trial court may, at its discretion, waive the requirements of the rule where appropriate, the court may also refuse to consider the factual contentions of a non-complying party even where such facts are ascertainable by the record. Thus the material facts set forth in the statement of the moving party may be deemed admitted in the absence of a statement controverting them by the opposing party. Accordingly, failure to file a response in opposition to a motion for summary judgment generally will prove fatal in the trial court and upon appeal.

*Holland v. City of Memphis*, 125 S.W.3d 425, 428–29 (Tenn. Ct. App. 2003) (citations omitted). Given the nature of the claim stated by Kirkenkev Enterprises and Whalum in their complaint and the ensuing motion for summary judgment addressing that claim, one who has not filed a counterclaim or cross-claim is expected to understand that a ruling on a motion for summary judgment addressing itself to the only claim lodged in the case could result in a ruling adverse to her

interests. Accordingly, we hold that the trial court did not err in granting summary judgment to Kirkenkev Enterprises and Whalum.

## C.
### *Frivolous Appeal*

While Kirkenkev Enterprises and Whalum have not asked for damages for the filing of a frivolous appeal in this case, we are cognizant of the following statute:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or *of its own motion*, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

TENN. CODE ANN. § 27-1-122 (2000) (emphasis added). The decision to award damages for the filing of a frivolous appeal, whether such damages are requested by a party or on the Court's own motion, rests solely in the discretion of this Court. *See Banks v. St. Francis Hosp.*, 697 S.W.2d 340, 343 (Tenn. 1985).

"Successful litigants should not have to bear the expense and vexation of groundless appeals." *Davis v. Gulf Ins. Group*, 546 S.W.2d 583, 586 (Tenn. 1977). An appeal is frivolous when it has "no reasonable chance of success," *Jackson v. Aldridge*, 6 S.W.3d 501, 504 (Tenn. Ct. App. 1999), or is "so utterly devoid of merit as to justify the imposition of a penalty," *Combustion Eng'g, Inc. v. Kennedy*, 562 S.W.2d 202, 205 (Tenn. 1978). We exercise our discretion under the statute sparingly so as not to discourage legitimate appeals. *See Davis*, 546 S.W.2d at 586. However, failure to even cite to or argue for a justifiable extension of the law controlling the resolution of a given case is an indication that an appeal may be frivolous. *Jackson*, 6 S.W.3d at 504 (citing *Wells v. Sentry Ins. Co.*, 834 S.W.2d 935, 938–39 (Tenn. 1992)).

Exercising our discretion, we find the present appeal to be so devoid of merit as to justify an award of damages against the Appellant for the filing of a frivolous appeal. We remand this case to the trial court for the entry of an award of damages in favor of the Appellees, Kirkenkev Enterprises, Inc. and Kenneth T. Whalum, Jr., to include the attorney's fees and expenses incurred by them in defending this appeal.

**III.**

**CONCLUSION**

We hold that the trial court did not abuse its discretion in denying the Appellant's post-judgment motion filed pursuant to Rule 59.04 of the Tennessee Rules of Civil Procedure. We also hold that the trial court did not err in granting summary judgment to the Appellees, Kirkenkev Enterprises, Inc. and Kenneth T. Whalum, Jr. The costs of this appeal are to be taxed to the Appellant, Pamela Harris Marshall, and her surety, for which execution may issue if necessary. Finally, we remand this case to the trial court for an award of damages to the Appellees, Kirkenkev Enterprises, Inc. and Kenneth T. Whalum, Jr., to include their attorney's fees and expenses associated with this appeal, due to the Appellant's actions in filing a frivolous appeal.

_____
ALAN E. HIGHERS, JUDGE