IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 2, 2012 Session

# FEDERAL NATIONAL MORTGAGE ASSOCIATION v. BRETT STOKES

**Appeal from the Circuit Court for Knox County**
**No. 3-454-10     Hon. Wheeler Rosenbalm, Judge**

**No. E2012-00270-COA-R3-CV-FILED-NOVEMBER 26, 2012**

Plaintiff brought this action against defendant, occupant of the property which had been foreclosed. Plaintiff held a deed of ownership. Plaintiff sued for possession and for damages for unlawful detainer of the property. The Trial Court granted plaintiff summary judgment for possession and damages for unlawful detainer pursuant to Tenn. Code Ann. § 29-18-120. On appeal, we affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J., and JOHN W. MCCLARTY, J., joined.

Darren V. Berg, Knoxville, Tennessee, for the appellant, Brett D. Stokes.

Kelli L. Thompson, Knoxville, Tennessee, for the appellee, Federal National Mortgage Association.

## OPINION

This appeal arises from a grant of summary judgment by the Circuit Court in favor of plaintiff/appellee Federal National Mortgage Association (FNMA) and against defendant/appellant Brett D. Stokes. A Complaint for Forcible Entry and Detainer (FED) was filed in the Circuit Court of Knox County, on September 8, 2010 by FNMA against Jack R. Wicker or Saundra E. Wicker or current occupants of real property located at 9626

Turnbridge Lane in Knoxville, Tennessee (the property). The complaint averred that FNMA is the owner of the property pursuant to a Trustee's Deed recorded on February 16, 2010 and that defendants have refused to quit possession of the property and "still willfully hold and unlawfully detain the same from [p]laintiff." The complaint alleges that "[p]laintiff is entitled to possession of the Premises, and damages for unlawful detainer as provided in [Tenn. Code Ann.] § 29-18-120 [1] for the period of time that Defendants have unlawfully detained the Premises." Plaintiff prayed for judgment for possession of the Premises and "judgment against the defendants for 'liquidated damages' for unlawful detainer as provided in § 29-18-120", plus interest, costs and attorney's fees. The Trustee's Deed was attached to the complaint as an exhibit.[2]

The record reflects that service of the summons and complaint was never accomplished on either of the Wickers and the service return on the summons reflects that on September 15, 2010, they were "not to be found" as they had moved. However, a summons was also issued to "occupant of 9626 Turnbridge Lane" and the record reflects that the summons was served on Brett Stokes as occupant on September 15, 2010. An Answer and Counter Complaint was filed by Brett Stokes on October 19, 2010. The Answer generally denied the allegations of the Complaint with the exception of admitting that Mr. Stokes "is currently residing in and is in possession of the premises." No affirmative defenses were raised in the answer, although the caption of the pleading is "Answer and Counter Complaint", no counter claims were made. FNMA filed an Amended Complaint for Forcible Entry and Detainer naming Brett Stokes as a defendant on November 1, 2010. Stokes did not file an answer to the amended complaint. FNMA then filed a Motion for Summary Judgment, and stated that there were no genuine issues of material facts and that plaintiff is entitled to summary judgment as a matter of law. Plaintiff also filed a Brief in Support of the Motion and Statement of Material Facts Not in Dispute as required by Tenn. R. Civ. P. 56.03. The Statement of Material Facts states:

1.      The Wickers executed a deed of trust on March 17, 2008, securing payment on the real property known as 9626 Turnbridge lane, Knoxville, Tennessee.

---

[1] Chapter 18 provides for forcible entry and detainer actions. Section 120 provides that in actions originally instituted in the circuit court, a jury, if they find for the plaintiff, will ascertain the damages he has sustained, including rent, and judgment shall be given accordingly. Tenn. Code Ann. § 29-18-120.

[2] The Trustee's Deed states that in March 2008 the Wickers conveyed the subject property by Deed of Trust to Wells Fargo Bank to secure an indebtedness. The Wickers defaulted and the bank foreclosed on the debt and the property was sold, following advertisement of the sale as required by the Deed of Trust and Tenn. Code Ann. § 35-5-104. Wells Fargo Bank N.C. was the highest bidder at the sale and the property was sold to the Bank for $324,919.15 on February 3, 2010. The Trustee's Deed reflects that Wells Fargo assigned its interest in the property to FNMA.

2. Defendant defaulted in payments on the indebtedness owed to the note holder.
3. The note holder accelerated payments and, through its substitute trustee advertised said property for sale in conformity with the terms and provisions of said deed of trust. On February 3, 2010, the substitute trustee sold said real property to Wells Fargo Bank NA for the sum of $324, 919.15 and said Wells Fargo Bank NA has assigned its interest in said property to Plaintiff.
4. Defendant has failed to vacate the premises and is currently detaining Plaintiff from possession.

Plaintiff attached the Deed of Trust and the Trustees' Deed as exhibits to the statement of undisputed facts but did not further support the statement with an affidavit.

Brett Stokes, through counsel, filed an opposition to plaintiff's motion for summary judgment and also a response to plaintiff's statement of undisputed material facts. In the response to plaintiff's statement of undisputed material facts, Stokes agreed with points one and three, as cited, and did not address points two and four. He also set forth several additional facts: (a) that he entered into a lease purchase agreement with the Wickers on January 24, 2009; (b) that a Memorandum of Lease was recorded with the Register for Knox County, Tennessee on March 27, 2009; (c) that he filed a Notice of Lien on the subject property for $15, 551.89 on January 20, 2010; (d) that he was not given notice of foreclosure; (e) that the law firm representing plaintiff was also the substitute trustee at the foreclosure sale; (f) that the original defendants, the Wickers, have not answered the original complaint and; (g) that the Wickers are necessary parties to the suit.

The record reveals that counsel for Brett Stokes withdrew his representation of Stokes on the basis that Stokes had failed to pay his fee. The Court entered an Order that "Defendant will have thirty days from the date this order is entered to obtain new counsel or notify the court and opposing counsel of his intention to proceed *pro se.* If he fails to do so, default may be entered against him."

On April 8, 2011, the Trial Court entered an order denying plaintiff's motion for summary judgment.

Plaintiff filed a second motion for summary judgment. The motion was supported by the deed of trust, the trustee's deed, and the affidavit of Stacie A. Malone, a person experienced in property management and the leasing of property in the area of the property. The motion sets out the facts of the foreclosure sale and Wells Fargo Bank NA's assignment of its interest to plaintiff. It also states that Mr. Stokes has identified himself as the person in possession of the property at issue and that he has refused to quit possession of the property. Plaintiff states that it is entitled to possession of the property and to damages for

the rent that has not been paid as provided by Tenn. Code Ann. § 29-18-120 for the period from February 3, 2010 until possession is granted to plaintiff. Ms. Malone's affidavit states that a fair and reasonable monthly rent on the property is $2,050. A hearing on the motion for summary judgment was set for November 4, 2011.

Despite the Trial Court's order that Mr. Stokes was to inform the court of the identity of his new counsel or advise the court and opposing counsel that he intended to proceed *pro se* by May 30, 2011, he failed to do so. Six months after the order was entered, Mr. Stokes, appearing *pro se*, filed a motion to continue the hearing on plaintiff's motion for summary judgment.[3] Mr. Stokes stated that he had met his financial obligations to his former attorney, and that he wanted the attorney to re-enter the proceeding as his counsel.

The hearing on the motion for summary judgment went forward on November 4, 2011. The Trial Court declined to consider Stokes untimely filed opposition to the motion and the Trial Court entered an order granting summary judgement in favor of plaintiff. The Trial Court held plaintiff is entitled to possession of the property and damages for unlawful detainer as provided in Tenn. Code Ann. § 29-18-120. The Court held there was no issue of material fact that, based on the affidavit of Ms. Malone, a reasonable monthly rent for the property is $2,050 and that Stokes owes damages to plaintiff in the amount of $2,050 per month from February 3, 2010. The Court awarded damages of $45,100.00 for the period from February 3, 2010 to November 30, 2011.

Stokes' Motion to Alter or Amend and or Grant a New Trial was denied by the Court in an Order on January 10, 2012. Stokes *pro se* filed a Notice of Appeal, and the issues raised on appeal are:

A.    Did the Trial Court err when it granted appellee a monetary judgment against appellant when the pleadings only requested liquidated damages and there was no contract between the parties?

B.    Did the Trial Court err by granting summary judgment in favor of appellee when it had denied appellee's first motion for summary judgment?

C.    Did the Trial Court err in granting a monetary judgment in the absence of a writ of inquiry?

D.    Did the Trial Court err in granting summary judgment in favor of appellee

---

[3] Mr. Stokes' appellate brief states that he is an attorney and he provided his BPR number in the motion to continue signature block.

when there was no contract between the parties and appellant was not given notice of the foreclosure sale?

Appellant contends the Trial Court was in error when it granted summary judgment in favor of FNMA. Our Supreme Court, in *Giggers v. Memphis Housing Authority,* 277 S.W.3d 359 (Tenn.2009) reiterated the standard of review in summary judgment cases as follows:

The scope of review of a grant of summary judgment is well established. Because our inquiry involves a question of law, no presumption of correctness attaches to the judgment, and our task is to review the record to determine whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied. *Hunter v. Brown,* 955 S.W.2d 49, 50–51 (Tenn.1997); *Cowden v. Sovran Bank/Cent. S.,* 816 S.W.2d 741, 744 (Tenn.1991).

A summary judgment may be granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04; *Byrd v. Hall,* 847 S.W.2d 208, 214 (Tenn.1993). The party seeking the summary judgment has the ultimate burden of persuasion "that there are no disputed, material facts creating a genuine issue for trial ... and that he is entitled to judgment as a matter of law." *Id.* at 215. If that motion is properly supported, the burden to establish a genuine issue of material fact shifts to the non-moving party. In order to shift the burden, the movant must either affirmatively negate an essential element of the nonmovant's claim or demonstrate that the nonmoving party cannot establish an essential element of his case. *Id.* at 215 n. 5; *Hannan v. Alltel Publ'g Co.,* 270 S.W.3d 1, 8–9 (Tenn.2008). "[C]onclusory assertion[s]" are not sufficient to shift the burden to the non-moving party. *Byrd,* 847 S.W.2d at 215; *see also Blanchard v. Kellum,* 975 S.W.2d 522, 525 (Tenn.1998). Our state does not apply the federal standard for summary judgment. The standard established in *McCarley v. West Quality Food Service,* 960 S.W.2d 585, 588 (Tenn.1998), sets out, in the words of one authority, "a reasonable, predictable summary judgment jurisprudence for our state." Judy M. Cornett, *The Legacy of Byrd v. Hall: Gossiping About Summary Judgment in Tennessee,* 69 Tenn. L.Rev. 175, 220 (2001).

Courts must view the evidence and all reasonable inferences therefrom in the light most favorable to the non-moving party. *Robinson v. Omer,* 952 S.W.2d 423, 426 (Tenn.1997). A grant of summary judgment is appropriate only when the facts and the reasonable inferences from those facts would permit a reasonable person to reach only one conclusion. *Staples v. CBL & Assocs., Inc.,* 15 S.W.3d 83, 89 (Tenn.2000). In making that assessment, this Court must discard all countervailing evidence. *Byrd,*

847 S.W.2d at 210–11. Recently, this Court confirmed these principles in *Hannan.*

*Giggers,* 277 S.W.3d at 363–64.

Appellant's first issue on appeal is that the Trial Court was in error when it awarded monetary damages to FNMA. The complaint filed by FNMA alleged that "[p]laintiff is entitled to possession of the Premises, and damages for unlawful detainer as provided in [Tenn. Code Ann.] § 29-18-120 [4] for the period of time that Defendants have unlawfully detained the Premises." Plaintiff's prayer for judgment at the end of the complaint asked for possession of the premises and "judgment against the defendants for 'liquidated damages' for unlawful detainer as provided in § 29-18-120", plus interest, costs and attorney's fees.

Stokes does not contest the Trial Court's finding, based on the affidavit of Ms. Malone, rather, he focuses on the clause in the prayer for relief of the Complaint "liquidated damages' for unlawful detainer as provided in § 29-18-120" and argues that FNMA cannot be eligible for "liquidated damages". Our Supreme Court defined "liquidated damages" in *Guiliano v. Cleo, Inc.*, 995 S.W.2d 88 (Tenn. 1999) as a "sum stipulated and agreed upon by the parties at the time they enter their contract, to be paid to compensate for injuries should a breach occur." *Guiliano* at 96 - 97 (citing *V.L. Nicholson Co. v. Transcon Inv. & Fin. Ltd., Inc.,* 595 S.W.2d 474, 484 (Tenn.1980). Appellant contends that as there was no contract between him and FNMA that stipulated damages in the event of a breach, the Trial Court erred when it made a monetary damage award.

Appellant ignores the reference to Tenn. Code Ann. § 29-18-120 in the complaint and does not address the fact that the complaint first stated that FNMA was entitled to damages for unlawful detainer as provided by Tenn. Code Ann. § 29-18-120 without the modifier of "liquidated". He also ignores the fact that, while the prayer asks for "liquidated damages" it also adds after those words "as provided by Tenn. Code Ann. § 29-18-120." Tenn. Code Ann. § 29-18-120 provides that in a forcible entry and detainer case a judgment for the plaintiff may included damages the plaintiff has sustained, including rent. However, the statute does not provide for 'liquidated damages".

We hold that the use of the word "liquidated" in the prayer was obviously a mistake and that plaintiff was simply looking for an award of damages as plead in the complaint. As further evidence that plaintiff meant damages section 29-18-120 and not contractual "liquidated damages", the plaintiff, in its second motion for summary judgment, which is

---

[4] Chapter 18 provides for forcible entry and detainer actions. Section 120 provides that in actions originally instituted in the circuit court, a jury, if they find for the plaintiff, will ascertain the damages he has sustained, including rent, and judgment shall be given accordingly. Tenn. Code Ann. § 29-18-120.

at issue here, stated that it was seeking damages under section 29-18-120 and asked in its prayer for relief for "reasonable rents for the time period Stokes unlawfully possessed the property . . . ." The motion for summary judgment does not mention "liquidated damages" nor does the judgment. Accordingly, appellant's focus on the use of the word "liquidated" in the complaint and the lack of a contract for damages between the two parties is misguided and without merit.

However, even if there was merit to the argument, the issue was not properly raised at the trial level.

At this point we observe that Mr. Stokes' appeal is fatally flawed because appellant failed to respond to FNMA's motion for summary judgment as required by Tenn. R. Civ. P. 56.03. Rule 56.03 requires a response by the non-movant to be filed not later than five days before the hearing on the motion. Here, Mr. Stoke's response was filed four minutes before the closing of the clerk's office on the day before the hearing. Rule 56.03 provides:

> Any party opposing the motion for summary judgment **must**, **not later than five days before the hearing, serve and file a response to each fact set forth by the movant** either (i) agreeing that the fact is undisputed, (ii) agreeing that the fact is undisputed for purposes of ruling on the motion for summary judgment only, or (iii) demonstrating that the fact is disputed. Each disputed fact must be supported by specific citation to the record. Such response shall be filed with the papers in opposition to the motion for summary judgment.

> In addition, the non-movant's response may contain a concise statement of any additional facts that the non-movant contends are material and as to which the non-movant contends there exists a genuine issue to be tried. Each such disputed fact shall be set forth in a separate, numbered paragraph with specific citations to the record supporting the contention that such fact is in dispute.

> If the non-moving party has asserted additional facts, the moving party shall be allowed to respond to these additional facts by filing a reply statement in the same manner and form as specified above.

Tenn. R. Civ. P. 56.03 (emphasis added).

In *Whalum v. Marshall*, 224 S.W.3d 169 (Tenn. Ct. App. 2006), the Court of Appeals considered the ramification of a non-movant not complying with Rule 56.03. In that case the non-movant did not respond to the motion for summary judgment. After the trial court granted summary judgment to the plaintiffs, the defendant filed a motion pursuant to Tenn.

R. Civ. P. 59.04 asking the trial court to set aside the order granting summary judgment. The trial court denied the motion, and the defendant appealed. The appellate court affirmed the decisions of the trial court below. *Whalum* at 171-72. In doing so, the Court stated that the provisions of Tenn. R. Civ. P. 56.03 must be heeded by parties on both sides of a summary judgment motion. *Whalum* at 180(citing *Robinson v. Currey,* 153 S.W.3d 32, 39 (Tenn. Ct. App.2004)). The Court stated that "[o]nce confronted with a motion for summary judgment, the opponent to the motion cannot take it lightly and is required to demonstrate why granting a motion for summary judgment would be inappropriate." *Whalum* at 180 (citing *Knapp v. Holiday Inns, Inc.,* 682 S.W.2d 936, 940 (Tenn.Ct.App.1984)); *see also Bradley v. McLeod,* 984 S.W.2d 929, 932 (Tenn.Ct.App.1998). The *Whalum* Court stated that "[t]he non-moving party must fully oppose a motion for summary judgment before it is granted rather than rely on Rule 59.04 to overturn a summary judgment after only weakly opposing the motion." *Whalum* at 180(emphasis added)(citing *Chambliss v. Stohler,* 124 S.W.3d 116, 121 (Tenn. Ct.App.2003); *see also Robinson,* 153 S.W.3d at 39.

In support of its holding the *Whalum* Court cited *Holland v. City of Memphis,* 125 S.W.3d 425, 428–29 (Tenn. Ct. App.2003):

Although the trial court may, at its discretion, waive the requirements of the rule where appropriate, the court may also refuse to consider the factual contentions of a non-complying party even where such facts are ascertainable by the record. Thus the material facts set forth in the statement of the moving party may be deemed admitted in the absence of a statement controverting them by the opposing party. Accordingly, failure to file a response in opposition to a motion for summary judgment generally will prove fatal in the trial court and upon appeal.

*Whalum* at 180.

Here Mr. Stokes did not file a timely opposition to plaintiff's motion for summary judgment as required under Rule 56.03 and the Trial Court, in its sound discretion, chose not to waive the requirements. Mr. Stokes' failure to properly oppose the motion at the summary judgment stage now proves fatal on appeal. This Court finds that the issues were not properly raised at the trial level, and cannot be considered on appeal. Essentially, Stokes did not properly raise the issues below, and did not timely file opposition to the second Motion for Summary Judgment. Instead, he raised these issues for the first time in a Rule 59 Motion to Alter or Amend or for a New Trial, after summary judgment was entered. Under the holdings of *Whalum*, this Court declines to consider these issues on appeal, as they were not properly raised in the Trial Court.

The Judgment in favor of the plaintiff is affirmed and the cause remanded, with the

cost of the appeal assessed to Brett D. Stokes.

_____
HERSCHEL PICKENS FRANKS, P.J.