# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
June 17, 2014 Session

## JAMIA RENTZ v. MICHAEL RENTZ

**Appeal from the Law Court for Sullivan (Bristol) County**
**No. C13800C     Hon. E. G. Moody, Judge**

_____

### No. E2013-02414-COA-R3-CV-FILED-JULY 30, 2014

_____

This appeal arises from the Parties' numerous post-divorce issues. As relevant to this appeal, Father filed a petition to correct his child support obligation, alleging that his alimony payments to Mother should have been considered as income in setting his support obligation. Father also sought to modify his support obligation in recognition of the birth of his new son and his payment of health insurance. Following numerous hearings, the trial court declined to consider Father's alimony payments in setting the support obligation but modified the obligation to reflect the birth of Father's son and the payment of health insurance. The court awarded Mother attorney fees. Father appeals. We affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Law Court Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, and THOMAS R. FRIERSON, II, JJ., joined.

K.O. Herston and John F. Weaver, Jr., Knoxville, Tennessee, for the appellant, Michael Rentz.

Judith Fain, Johnson City, Tennessee, for the appellee, Jamia Rentz.

## OPINION

## I. BACKGROUND

Three children were born of the marriage between Jamia Rentz ("Mother") and Michael Rentz ("Father"). Mother and Father (collectively "the Parties") divorced in February 2011. Father was tasked with remitting alimony and child support but was awarded

the marital residence, while Mother was given 90 days to vacate the premises. The Parties submitted an agreed parenting plan, which was adopted by the trial court and incorporated into the divorce decree.

Six months later, Mother filed a motion for criminal contempt, asserting that Father had failed to comply with the parenting plan by keeping the children for 9 days when he was only entitled to a week-long visit. Father responded, in kind, by denying wrongdoing and filing a motion for civil contempt, alleging that Mother had left the marital residence in disarray when vacating the premises and that she had interfered with his "right to unimpeded telephone conversations" with the children. Father also filed a petition for correction and modification of his child support obligation and a petition to modify the parenting plan. Relative to child support, Father alleged that his child support obligation should be corrected because the court failed to consider the court-ordered alimony received by Mother as income in setting his child support obligation. Father also alleged that his existing obligation should be modified to reflect his payment of health insurance and the birth of his new child, which constituted a significant variance in his existing support obligation. Relative to the parenting plan, Father alleged that a material change in circumstances had occurred such that a change in the parenting plan was in the children's best interest. He requested a modification that provided him with "co-parenting time that occurr[ed] less frequently but for periods of longer duration" because of the extensive travel time involved when he visited the children. Father also requested a court-ordered parenting evaluation.

Mother voluntarily dismissed her motion for criminal contempt against Father regarding his refusal to follow the parenting plan. Likewise, the trial court clarified the current wording of the parenting plan, pending the outcome of the hearings held on the Parties' remaining motions and petitions. Following multiple hearings, the trial court held Mother in contempt for her failure to leave the marital residence in a respectable condition and awarded Father $4000. The court modified Father's child support obligation to reflect the birth of his new son and his payment of health insurance, awarded Father a credit for his overpayment of child support, and ordered the Parties to submit to counseling covered by Father's health insurance. The court also modified the parenting plan by awarding Father less frequent visitation that was of longer duration in recognition of the travel time involved in exercising his visitation. However, the court denied Father's request to consider Mother's alimony as income in setting his child support obligation and awarded Mother attorney fees, in recognition that she was more successful than Father on the following issues: "the allocation of summer parenting time; whether alimony is income for the purpose of calculating child support; the division of parenting time for the school breaks and the request for a [court-ordered parenting evaluation]." Father's timely appeal followed.

## II. ISSUES

We consolidate and restate the issues raised on appeal by Father as follows:

A. Whether the trial court erred in refusing to consider Mother's receipt of alimony as income for purposes of Father's child support obligation.

B. Whether the trial court erred in granting Mother's request for attorney fees.

Mother raised an issue for our consideration that we restate as follows:

C. Whether Mother is entitled to attorney fees on appeal.

## III. STANDARD OF REVIEW

This appeal involves issues of law and the interpretation of statutes. The trial court's conclusions of law are subject to a de novo review with no presumption of correctness. *Blackburn v. Blackburn*, 270 S.W.3d 42, 47 (Tenn. 2008); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993). Statutory construction is a question of law that is reviewed de novo without any presumption of correctness. *In re Estate of Tanner*, 295 S.W.3d 610, 613 (Tenn. 2009). This court's primary objective is to carry out legislative intent without broadening or restricting a statute beyond its intended scope. *Houghton v. Aramark Educ. Res., Inc.*, 90 S.W.3d 676, 678 (Tenn. 2002). In construing legislative enactments, we presume that every word in a statute has meaning and purpose and should be given full effect if the obvious intention of the legislature is not violated by so doing. *In re C.K.G.*, 173 S.W.3d 714, 722 (Tenn. 2005). When a statute is clear, we should apply the plain meaning without complicating the task. *Eastman Chem. Co. v. Johnson*, 151 S.W.3d 503, 507 (Tenn. 2004).

## IV. DISCUSSION

### A.

Father argues that the trial court erred by refusing to include the alimony Mother received from him as part of her income for child support purposes. In so arguing, Father acknowledges this court's decision in *Ghorashi-Bajestani v. Bajestani*, No. E2013-00161-COA-R3-CV, 2013 WL 5406859 (Tenn. Ct. App. Sept. 24, 2013), *perm. app. denied* (Tenn. March 5, 2014), in which this court overruled a trial court's decision to include alimony payments as income for child support purposes in a similar case. Father asserts that the decision in *Bajestani* was erroneous and should be overruled when such alimony payments

are not expressly excluded as income for child support purposes. Father claims that the failure to include the alimony received by Mother as income fails to reflect the actual income of the parties and results in an "unfair and erroneous calculation of Father's child support obligation." Mother responds that the trial court did not err in refusing to consider her receipt of alimony as income for purposes of calculating Father's child support obligation and that Father is "attempting to add wording to the regulation that clearly was not intended."

The Child Support Guidelines provide, in pertinent part,

(a) Determination of Gross Income.

> 1. Gross income of each parent shall be determined in the process of setting the presumptive child support order and shall include all income from any source (before deductions for taxes and other deductions such as credits for other qualified children), whether earned or unearned, and includes, but is not limited to, the following:

> \* \* \*

> > (xxi) Alimony or maintenance received from persons *other than parties to the proceeding before the tribunal*.

> \* \* \*

(c) Excluded from gross income are the following:

> 1. Child support payments received by either parent for the benefit of children of another relationship; or

> 2. Benefits received from means-tested public assistance programs[.]

> 3. The child's income from any source, including, but not limited to, trust income and Social Security benefits drawn on the child's disability.

> 4. Adoption Assistance subsidy under Tennessee's Interstate Compact on Adoption Assistance, found at Tennessee Code

-4-

> Annotated § 36-1-201 et seq. or another state's adoption
> assistance subsidy which is based on the Adoption Assistance
> and Child Welfare Act (42 USC 670 et seq.).

Tenn. Comp. R. & Regs. 1240-02-04-.04(3) (emphasis added). In *Bajestani*, this court interpreted the statutory section as follows:

> Wife asserts that it was error for the trial court to include the alimony she was receiving from Husband as part of her income for child support purposes. Wife directs this Court to the definition of gross income found in the Child Support Guidelines, which includes "[a]limony or maintenance *received from persons other than parties to the proceeding before the tribunal*." Tenn. Comp. R. & Regs., ch. 1240-02-04-.04 (emphasis added). Because Husband is a party to this proceeding, Wife argues that the alimony she receives from him should not be included as part of her income for child support purposes. We agree.
>
> Husband contends that the trial court correctly included these alimony payments as part of Wife's income, relying upon this Court's opinion in *Archer v. Archer*, 907 S.W.2d 412, 418 (Tenn. Ct. App. 1995). At the time *Archer* was decided, however, the Child Support Guidelines contained a different definition of "gross income," to wit:
>
>> Gross income shall include all income from any source (before taxes and other deductions), whether earned or unearned, and includes but is not limited to, the following: wages, salaries, commissions, bonuses, overtime payments, dividends, severance pay, pensions, interest, trust income, annuities, capital gains, benefits received from the Social Security Administration, i.e., Title II Social Security benefits, workers compensation benefits whether temporary or permanent, judgments recovered for personal injuries, unemployment insurance benefits, gifts, prizes, lottery winnings, *alimony or maintenance*, and income from self-employment.
>
> Tenn. Comp. R. & Regs., ch. 1240-2-4-.03 (1994) (emphasis added). Under the definition of gross income in effect at that time, the inclusion of alimony was not limited to that "received from persons other than parties to the proceeding before the tribunal" as it is presently. Therefore, *Archer* is not controlling in this case. The plain language of the Guidelines expressly

excludes from the recipient's income for child support purposes those alimony payments paid by the other party to the current proceeding. We conclude that the trial court erred in including the alimony payments Wife received from Husband as part of her income in the calculation of child support. Upon remand, those alimony payments shall not be included as a portion of Wife's income when the child support amount is calculated.

2013 WL 5406859, at *7.

Despite Father's good faith argument, we respectfully decline to disturb this court's ruling in *Bajestani*. We acknowledge that the phrase "includes, but is not limited to" allows for the consideration of other sources of income not expressly listed. However, we do not think that the legislature would not have added the qualifying phrase following this court's decision in *Archer* if it had intended to include alimony received from a party to the proceeding as income. Accordingly, we conclude that the trial court did not err in refusing to consider Mother's receipt of alimony from Father as income for child support purposes.

B.

Father argues that the trial court erred by awarding Mother attorney fees when he prevailed on a majority of the child support and parenting plan issues before the trial court pursuant to Tennessee Code Annotated section 36-5-103(c). Father asserts that he was also entitled to attorney fees because the trial court granted his motion for civil contempt after Mother voluntarily dismissed her motion for criminal contempt. Mother responds that the trial court did not abuse its discretion in granting her request for attorney fees and that Father was not statutorily entitled to attorney fees pursuant to section 36-5-103(c).

Tennessee follows the American Rule which provides that "litigants pay their own attorney's fees absent a statute or an agreement providing otherwise." *State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 194 (Tenn. 2000); *accord Taylor v. Fezell*, 158 S.W.3d 352, 359 (Tenn. 2005). "Under the American [R]ule, a party in a civil action may recover attorney fees only if: (1) a contractual or statutory provision creates a right to recover attorney fees; or (2) some other recognized exception to the American [R]ule applies, allowing for recovery of such fees in a particular case." *Cracker Barrel Old Country Store, Inc. v. Epperson*, 284 S.W.3d 303, 308 (Tenn. 2009) (citing *Taylor*, 158 S.W.3d at 359; *John Kohl & Co. v. Dearborn & Ewing*, 977 S.W.2d 528, 534 (Tenn. 1998)). "[A]s a general principle, the American [R]ule reflects the idea that public policy is best served by litigants bearing their own legal fees regardless of the outcome of the case." *House v. Estate of Edmondson*, 245 S.W.3d 372, 377 (Tenn. 2008).

Relative to Father's success in his action for civil contempt, we acknowledge that this court has affirmed a trial court's award of attorney fees as damages in a contempt proceeding. *Ferguson v. Sharp*, No. E2007-01178-COA-R3-CV, 2008 WL 2579218, at \*6 (Tenn. Ct. App. 2008). In so holding, this court acknowledged the trial court's discretion in awarding such fees as damages, despite the fact that "no statutory provision exists which addresses attorney fees in a contempt proceeding." *Id.* In this case, the trial court awarded Father $4000 in damages but ultimately declined his request for attorney fees. In recognition of the court's discretion in such matters, we decline to disturb this ruling.

Relative to Father's success on the remaining issues, a right to recover attorney fees in custody and child support disputes was created in Tennessee Code Annotated 36-5-103(c), which provides,

> The plaintiff spouse may recover from the defendant spouse, and the spouse or other person to whom the custody of the child, or children, is awarded may recover from the other spouse reasonable attorney fees incurred in enforcing any decree for alimony and/or child support, or in regard to any suit or action concerning the adjudication of the custody or the change of custody of any child, or children, of the parties, both upon the original divorce hearing and at any subsequent hearing, which fees may be fixed and allowed by the court, before whom such action or proceeding is pending, *in the discretion of such court*.

(Emphasis added). We recognize that Father, like Mother, was successful on a number of issues before the trial court. Awards of attorney fees in such cases are made "in the discretion of [the] court." Tenn. Code Ann. § 36-5-103(c); *see also Huntley v. Huntley*, 61 S.W.3d 329, 341 (Tenn. Ct. App. 2001). Under the abuse of discretion standard, this court is bound by the principle that the trial court "will be upheld so long as reasonable minds can disagree as to propriety of the decision made." *Deakins v. Deakins*, E2008-00074-COA-R3-CV, 2009 WL 3126245, at \*7 (Tenn. Ct. App. Sept. 30, 2009) (quoting *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001)). A trial court abuses its discretion when it "applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining." *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999) (citation omitted). An appellate court cannot substitute its judgment for that of the trial court. *See Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 927 (Tenn. 1998). With that principle in mind, we conclude that the trial court did not abuse its discretion in awarding attorney's fees to Mother.

C.

Mother asserts that Father' appeal was frivolous and that she is entitled to damages in the form of attorney fees and costs for having to defend against the appeal. Tennessee Code Annotated section 27-1-122 provides for an award of damages, including attorney fees, when an appeal is determined to be frivolous. To find an appeal frivolous, the appeal must be wholly without merit and lacking in justiciable issues. *See Davis v. Gulf Ins. Group*, 546 S.W.2d 583, 586 (Tenn. 1977); *Indus. Dev. Bd. of Tullahoma v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995). An appellate court's decision on this issue is discretionary, and this court is generally reluctant to award such damages because we do not want to discourage legitimate appeals. *Whalum v. Marshall*, 224 S.W.3d 169, 180-81 (Tenn. Ct. App. 2006). Following our review, we respectfully deny Mother's request for attorney fees on appeal.

## V. CONCLUSION

The judgment of the trial court is affirmed, and the case is remanded for such further proceedings as may be necessary. Costs of the appeal are taxed to the appellant, Michael Rentz.

_____
JOHN W. McCLARTY, JUDGE