# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
September 14, 2016 Session

## STANLEY CREEKMORE, ADMINISTRATOR FOR THE ESTATE OF ALMA B. LONG v. JASON S. HACKLER, ET AL.

**Appeal from the Chancery Court for Campbell County**
**No. 08-087      Elizabeth C. Asbury, Chancellor**

---

### No. E2016-00405-COA-R3-CV-FILED-NOVEMBER 29, 2016

---

This is the second appeal of this property dispute concerning a mother's reservation of a life estate in property conveyed to her son pursuant to a warranty deed. The mother initially brought suit against the son to enforce her right to possession. She later sought to amend her complaint in an attempt to attack the validity of the deed. Before ruling upon the motion to amend, the trial court granted summary judgment based upon the expiration of the applicable statute of limitations for ejectment actions. This court reversed in *Long v. Creekmore*, No. E2012-01453-COA-R3-CV, 2013 WL 1320515 (Tenn. Ct. App. Mar. 28, 2013). Upon remand, the trial court denied the motion to amend the complaint and dismissed the action following the death of the mother and son. The administrator of the mother's estate appeals. We affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J. and THOMAS R. FRIERSON, II, J., joined.

J. Stephen Hurst, LaFollette, Tennessee, for the appellant, Stanley Creekmore, Administrator for the Estate of Alma B. Long.

Vic Pryor and Kathy Parrott, Jacksboro, Tennessee, for the appellee, Jason S. Hackler.

# OPINION

## I. BACKGROUND

In 1983, Alma B. Long ("Mother") signed a warranty deed in which she conveyed a portion of her property to her son, Raymond G. Creekmore ("Son"), and his current wife, Ursula Creekmore, subject to the following provision:

> Grantor reserves unto herself a life estate for and during her natural lifetime in and to the above described property.

Son lived on the property with Ms. Creekmore until they separated. Ms. Creekmore remained on the property following their separation. Mother's attorney mailed Ms. Creekmore a letter, dated July 5, 1990, which provided, in pertinent part as follows:

> By deed dated August 30, 1983, [Mother] conveyed certain land to [Son] and wife, Ursula Creekmore, which deed was recorded in [ ] the Register's Office for Campbell County, Tennessee, on August 31, 1983, [Mother] reserved a life estate in the subject property. Under Tennessee law, [Mother] therefore retained a right of possession and control of this property during her lifetime.
>
> [Mother] hereby give[s] notice that she wants possession of the subject property and for you to vacate the premises on or before Thursday, July 19, 1990. In the event you do not voluntarily surrender the premises, without damages and in good condition, [Mother] has instructed me to file a detainer action and take other legal action as may be appropriate to remove you from the premises and to collect any damages to which she may be entitled.

Ms. Creekmore complied with the demand to vacate. Thereafter, Son began renting the property to Mike and Anna Wilson. Mother did not object to the Wilsons. This arrangement continued until the Wilsons left and Floyd and Ellen Voyles moved onto the property. Mother mailed the Voyleses a letter, dated August 20, 2007, similar to the one provided to Ms. Creekmore. They too complied with the demand to vacate.

In May 2008, Son's stepson, Jason S. Hackler, moved onto the property. Mother objected to Mr. Hackler's presence on the property and filed suit against Son when Mr. Hackler refused to vacate the premises. Son sought summary judgment dismissal based upon the expiration of the statute of limitations for ejectment actions. Discovery ensued.

On December 11, 2008, Mother testified by deposition that she never intended to convey the property at issue to Son. She acknowledged that she signed a document at Son's request but denied ever reading the document or receiving an explanation as to its contents. She explained that Son approached her and requested her signature on a document that would allow him to place a trailer on the property. She believed she merely provided permission for him to place a trailer on the property for his individual use. Son, who was deposed on the same day, claimed that Mother signed the warranty deed at an attorney's office. However, he acknowledged that he was not present when the deed was signed.

In June 2011, Mother amended her complaint to add Mr. Hackler and his wife, Brandi Hackler, who also lived on the property, as parties to the suit. On April 27, 2012, she filed a motion to amend her complaint in an attempt to challenge the validity of the warranty deed. She claimed that she never signed the warranty deed and was unaware of its existence until she filed the instant lawsuit in 2008. She alternatively claimed that the alleged transaction was not supported by sufficient consideration and that she was entitled to ownership of the property as a result of her payment of the property taxes for the past 20 years. A proposed amended complaint was never filed.

The case proceeded to a hearing on May 1, 2012, after which the court granted summary judgment based upon the expiration of the statute of limitations for ejectment actions. The court never addressed the motion to amend filed days before the hearing. Mother appealed, and this court reversed, holding that her claim was "not subject to a statute of limitations because a life tenant holds the property for the duration of his or her life." *Long*, 2013 WL 1320515, at *4.

Upon remand, the Hacklers sought termination of the life estate due to Mother's failure to properly maintain the property. Mother and Son died shortly thereafter. Stanley Creekmore, as the administrator of Plaintiff's estate ("Plaintiff"), and Mr. Hackler ("Defendant") were substituted as the parties in interest for Mother and Son, respectively.[1]

Defendant filed a motion to dismiss based upon the extinguishment of Mother's interest in the property as a result of her death. He also asked the court to deny the pending motion to amend the complaint. He argued that allowance of the amendment would cause undue prejudice and would be futile. He claimed that the time for challenging the validity of the warranty deed had passed when the deed was properly recorded on August 20, 1983, approximately 25 years before the lawsuit was filed. Plaintiff responded that consideration of the claim would not cause undue prejudice when

---

[1] Son conveyed his interest in the property to Mr. Hackler shortly before his death.

discovery as to the circumstances surrounding the signing of the deed was complete. He further claimed that consideration of the claim was not futile given the adverse possession claim.

The trial court denied the motion to amend, finding as follows:

> Plaintiff knew or should have known that there were issues regarding the validity of the 1983 Deed when this action initially began. To attack consideration issues years after the initial pleadings were filed is, at the very least, a dilatory act. These issues should have been raised in the initial or, at least, in earlier pleadings.

Accordingly, the court granted the motion to dismiss, finding that all remaining issues were moot as a result of the death of the life tenant. This timely appeal followed.

## II.     ISSUES

We consolidate and restate the issues on appeal as follows:

A.      Whether the trial court abused its discretion in denying the motion to amend the complaint.

B.      Whether the trial court erred in dismissing the complaint.

C.      Whether Defendant is entitled to attorney fees on appeal.

## III.     STANDARD OF REVIEW

This court must review a trial court's decision to grant or deny a motion to amend a complaint under the abuse of discretion standard. *Freeman Indus. LLC v. Eastman Chem. Co.*, 227 S.W.3d 561, 565 (Tenn. Ct. App. 2006). "A trial court abuses its discretion only when it 'applie[s] an incorrect legal standard or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining.'" *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (quoting *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999)). If a discretionary decision is within a range of acceptable alternatives, we will not substitute our judgment for that of the trial court simply because we may have chosen a different alternative. *White v. Vanderbilt Univ.*, 21 S.W.3d 215, 223 (Tenn. Ct. App. 1999).

The grant of a motion to dismiss is subject to a de novo review with no presumption of correctness. *Phillips v. Montgomery Cnty.*, 442 S.W.3d 233, 237 (Tenn. 2014). "In considering a motion to dismiss, courts must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences." *Stewart v. Schofield*, 368 S.W.3d 457, 462 (Tenn. 2012). "A trial court should grant a motion to dismiss only when it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011) (internal quotation and citations omitted).

## IV.   DISCUSSION

### A. & B.

Plaintiff asks this court to reverse the dismissal of the action because the trial court abused its discretion in denying the motion to amend. Defendant responds that dismissal was appropriate following the court's proper denial of the motion to amend.

According to Rule 15.01 of the Tennessee Rules of Civil Procedure, a party may freely amend its pleadings in two situations: (1) before a responsive pleading is served or (2) at any time within 15 days after it is served when no responsive pleading is permitted and the action has not been set for trial. Tenn. R. Civ. P. 15.01. "Otherwise a party may amend the party's pleadings only by written consent of the adverse party or by leave of court; and leave shall be freely given when justice so requires." Tenn. R. Civ. P. 15.01. Because the motion to amend fell outside the time allowed to freely amend the complaint, Mother required either the consent of adverse counsel or aid from the court in order to accomplish an amendment. "Tennessee law and policy have always favored permitting litigants to amend their pleadings to enable disputes to be resolved on their merits rather than on legal technicalities." *Hardcastle v. Harris*, 170 S.W.3d 67, 80 (Tenn. Ct. App. 2004) (internal citations omitted). However,

> the courts have identified a number of circumstances that, singly or in combination, could warrant denying a motion to amend a pleading. These circumstances include: (1) undue delay in seeking the amendment, (2) lack of notice to the opposing party, (3) bad faith or dilatory motive of the moving party, (4) repeated failure by the moving party to cure deficiencies in earlier amendments, (5) futility of the proposed amendment, and (6) undue prejudice to the opposing party.

*Id.* at 81 (internal citations omitted).

Likewise, "[l]ate amendments fundamentally changing the theory of a case are generally not viewed favorably when the facts and theory have been known to the party seeking the amendment since the beginning of the litigation." *Id.* at 81. The record reflects that Mother was aware of the warranty deed and even relied upon its contents on July 5, 1990, when she sought to eject Ms. Creekmore from the property. She clearly was aware of the warranty deed at that time and should have challenged its validity then or, at the very least, when she finally filed suit against Son in 2008. Likewise, as the life tenant, Mother was obligated to remit payment for the property taxes and may not assert a claim of adverse possession based upon her payment of the same. *Hadley v. Hadley*, 87 S.W. 250, 253 (Tenn. 1904). Considering the undue delay and evidence of a dilatory motive in filing the motion and the futility of the amendment itself, we affirm the court's denial of the motion to amend and the corresponding grant of the motion to dismiss.

C.

Defendant requests attorney fees on appeal. Tennessee Code Annotated section 27-1-122 provides for an award of sanctions in the form of attorney fees when an appeal is determined to be frivolous. To find an appeal frivolous, the appeal must be wholly without merit and lacking in justiciable issues. *See Davis v. Gulf Ins. Grp.*, 546 S.W.2d 583, 586 (Tenn. 1977); *Indus. Dev. Bd. of Tullahoma v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995). An appellate court's decision on this issue is discretionary, and this court is generally reluctant to award such damages because we do not want to discourage legitimate appeals. *Whalum v. Marshall*, 224 S.W.3d 169, 180-81 (Tenn. Ct. App. 2006). We respectfully deny the request for attorney fees on appeal.

## V.    CONCLUSION

The judgment of the trial court is affirmed. The case is remanded for such further proceedings as may be necessary. Costs of the appeal are taxed to the appellant, Stanley Creekmore, Administrator for the Estate of Alma B. Long.

_____
JOHN W. McCLARTY, JUDGE
