# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### August 22, 2018 Session

## GREGORY WHITE, ET AL. V. JACK MILLER, ET AL.

**Appeal from the Chancery Court for Wilson County**
**No. 2013-CV-257     Charles K. Smith, Chancellor**

_____

### No. M2018-00381-COA-R3-CV

_____

This is the second appeal of this action involving a residential real estate transaction decided upon cross motions for summary judgment. We remanded to the trial court for ruling upon the remaining claims of breach of fiduciary duty and a corresponding violation of Tennessee Code Annotated section 62-13-404(2)[1] raised in the complaint but not ruled upon by the trial court. Upon remand, the trial court granted summary judgment in favor of the defendant real estate agent and brokerage firm. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S. and KENNY W. ARMSTRONG, J., joined.

Thomas B. Luck, Nashville, Tennessee, for the appellant, Robin White.[2]

Teresa Reall Ricks and Laura Adams Hight, Nashville, Tennessee, for the appellees, Jack Miller and Bob Parks Realty, LLC.

_____

[1] "Any licensee who acts as an agent in a transaction regulated by this chapter [must be] loyal to the interests of the client. A licensee must place the interests of the client before all others in negotiation of a transaction and in other activities, except where the loyalty duty would violate licensee's duties to a customer under § 62-13-402 or a licensee's duties to another client in a dual agency[.]"

[2] Gregory White's claims were dismissed in the first appeal due to his lack of standing. He is not a party in this appeal.

## OPINION

## I.    BACKGROUND

As pertinent to this appeal, Robin White ("Seller") entered into an agreement with Bob Parks Realty Co. ("Broker") for the exclusive right to sell her property located in Mt. Juliet ("the Breckenridge Property"). The agreement provided for a commission of 6 percent of the total sales price payable by Seller to Broker and further stated as follows:

> In any exchange of the Property, Seller consents to [Broker] receiving compensation from both parties upon the value of both properties.

Broker appointed Jack Miller, a licensed real estate agent, as the designated agent for Seller. Dr. Hoang Phi Nguyen and his wife, Diana Diep Ho ("the Nguyens") contacted Seller directly about purchasing the Breckenridge Property. Seller referred the Nguyens to Mr. Miller, who negotiated with them on the Whites' behalf and secured an offer to purchase the Breckenridge Property for $900,000. The sale was contingent upon the Nguyens's ability to sell their townhome in Mt. Juliet ("the Waterbrook property").

The Waterbrook property was not listed for sale at that time, but Seller, through Mr. Miller, offered the Nguyens $150,000 for the Waterbrook property, to be applied as a credit toward the purchase of the Breckenridge Property. The Nguyens countered with a price of $180,000 but ultimately agreed to purchase the Breckenridge Property for $900,000 and to sell their property for $155,000, to be applied as a credit. Mr. Miller entered into a listing agreement with the Nguyens specifically for *the sale of the Waterbrook property* to Seller with a commission of 4 percent of the sales price. He then orally agreed to reduce his commission from 6 to 5 percent for *the sale of the Breckenridge property* to the Nguyens because the Nguyens were not represented by an agent for the *purchase* of the Breckenridge property.

Before closing, the Breckenridge Property appraised for $875,000, which was $25,000 below the agreed upon sales price, while the comparable market reports valued the Waterbrook Property at approximately $180,000. The Nguyens's lender had only approved a loan for 80 percent of the appraised value. Despite this fact, the Nguyens proceeded, despite a term in the purchase and sale agreement providing that closing was dependent upon the ability to obtain a loan for 80 percent of the purchase price.

After closing, Seller filed suit against Broker and Mr. Miller (collectively "Defendants"), "alleging that, in addition to acting as their agent, Mr. Miller acted as an undisclosed agent for the Nguyens without [Seller's] consent, violated the duties set forth at Tennessee Code Annotated section 62-13-404, breached his fiduciary duty to [her], and

violated the Tennessee Consumer Protection Act." Defendants filed an answer and counter-complaint and later moved for summary judgment, alleging that

> (1) there was no agency relationship between Mr. Miller and the Nguyens, and (2) that even if there was an agency relationship between Mr. Miller and the Nguyens, [Seller was] not injured and could not prove that [she] suffered damages as a result of the relationship.

Seller also moved for summary judgment. The court granted summary judgment in favor of Defendants on a number of Seller's claims but ultimately held that Defendants acted as an undisclosed dual agent, necessitating forfeiture of the commission.

The parties then appealed to this court. We held that the finding of dual agency was contrary to the record when Mr. Miller was only listed as the designated agent for Seller, not the Nguyens. In so holding, we noted that the Breckenridge Agreement expressly designated Mr. Miller as Seller's agent but that Mr. Miller was not designated as the agent for the Nguyens in the Waterbrook Agreement. We reversed the grant of summary judgment in favor of Seller but remanded for findings on the issue of Seller's claim of breach of fiduciary duty and the corresponding violation of Section 62-13-404(2) that had not been addressed in the trial court's order. *White v. Miller*, No. M2016-00888-COA-R3-CV, 2017 WL 3769409, at *7-8 (Tenn. Ct. App. Aug. 30, 2017).

Upon remand, the trial court granted summary judgment in favor of Defendants on the claim of breach of fiduciary duty and the corresponding violation of Section 62-13-404(2). In so holding, the court found that Defendants disclosed the fact that Broker may receive payment from both parties in the event of a property exchange in the Breckenridge Listing Agreement and that Seller consented to the actual payment of the commission and approved said payment in closing documents. Furthermore, the court found that Seller failed to establish her entitlement to any damages as a result of any alleged breach of fiduciary duty. The court ordered payment of the commissions as anticipated by the parties. This timely appeal followed.

## II. ISSUES

We consolidate and restate the issues on appeal as follows:

A.      Whether the court erred in granting summary judgment.

B.      Whether Defendants are entitled to attorney fees on appeal.

## III.    STANDARD OF REVIEW

The appropriate summary judgment standard to be applied is as follows:

> [W]hen the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence at the summary judgment stage is insufficient to establish the nonmoving party's claim or defense.

*Rye v. Women's Care Center of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015). When a properly supported motion is made, "the nonmoving party 'may not rest upon the mere allegations or denials of [its] pleading,' but must respond, and by affidavits or one of the other means provided in [Rule 56 of the Tennessee Rules of Civil Procedure], 'set forth specific facts' at the summary judgment stage 'showing that there is a genuine issue for trial.'" *Id.* at 265 (quoting Tenn. R. Civ. P. 56.06). Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04.

"We review a trial court's ruling on a motion for summary judgment de novo, without a presumption of correctness." *Rye*, 477 S.W.3d at 250 (citations omitted). "In doing so, we make a fresh determination of whether the requirements of [Rule 56] have been satisfied." *Id.* (citations omitted). We must view all of the evidence in the light most favorable to the nonmoving party and resolve all factual inferences in the nonmoving party's favor. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008).

## IV.    DISCUSSION

### A.

Seller argues that the Defendants breached their fiduciary duty by failing to disclose Mr. Miller's inherent conflict of interest. She further claims that he was "blatantly deceitful" and failed to advocate on her behalf and to follow her instructions. Defendants respond that Seller consented to the payment of a commission by both parties in the Breckenridge Listing Agreement and in the closing documents signed through her attorney-in-fact. Defendants also claim that even if a breach of duty occurred, Seller cannot establish damages.

"In order to recover for breach of fiduciary duty, a plaintiff must establish: (1) a fiduciary relationship, (2) breach of the resulting fiduciary duty, and (3) injury to the plaintiff or benefit to the defendant as a result of that breach." *Ann Taylor Realtors, Inc. v. Sporup*, No. W2010-00188-COA-R3-CV, 2010 WL 4939967, at *3 (Tenn. Ct. App. Dec. 3, 2010) (citing 37 C.J.S. Fraud § 15 (2008)). Section 62-13-404(2) provides:

> Any licensee who acts as an agent in a transaction regulated by this chapter owes to the licensee's client in that transaction the following duties, to:
>
> (1) Obey all lawful instructions of the client when the instructions are within the scope of the agency agreement between licensee and licensee's client;[3]
>
> (2) Be loyal to the interests of the client. A licensee must place the interests of the client before all others in negotiation of a transaction and in other activities[.]

Seller claims, inter alia, that Mr. Miller's receipt of a commission from the Nguyens may have resulted in the higher sale price for the Waterbrook Property.

The record reflects that Seller was advised of and consented to Broker's receipt of a commission from both parties. Mr. Miller secured the sale of their property for $25,000 above the appraised value and the purchase of the Waterbrook Property for $25,000 below the approximate value presented in comparable market reports. The completion of the sale as negotiated by Mr. Miller was wholly within Seller's interest; moreover, Seller was not responsible for the payment of the 4 percent commission and cannot establish that she could have secured a lower price for the Waterbrook Property without payment of the same given the comparable market reports. Further, Seller cannot establish that the receipt of a 4 percent commission for the sale of the Waterbrook property was a breach of fiduciary duty or loyalty under the circumstances presented here.[4] We affirm the grant of summary judgment in favor of the Defendants.

---

[3] Other than a cursory reference that Mr. Miller failed to follow her instructions, Seller does not specify how this duty was breached to her detriment. The record does not support such a finding.

[4] Seller notes that there was an issue with the selection of the closing agent and that Mr. Miller paid the closing costs for the Nguyens but did not offer to pay her closing costs. The record reflects that Seller's preferred closing agent was used and that Mr. Miller paid the closing costs at issue to facilitate the sale in light of the below market price offered for the Waterbrook Property and the lower than expected appraised value of the Breckenridge Property. Mr. Miller's payment of the closing costs cannot be characterized as anything other than in the best interest of Seller.

B.

Defendants assert that this appeal is frivolous and that damages must be assessed against Seller in the form of attorney fees and costs for having to defend against the appeal. Tennessee Code Annotated section 27-1-122 provides for an award of damages, including attorney fees, when an appeal is determined to be frivolous. To find an appeal frivolous, the appeal must be wholly without merit and lacking in justiciable issues. *See Davis v. Gulf Ins. Group*, 546 S.W.2d 583, 586 (Tenn. 1977); *Indus. Dev. Bd. of Tullahoma v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995). An appellate court's decision on this issue is discretionary, and this court is generally reluctant to award such damages because we do not want to discourage legitimate appeals. *Whalum v. Marshall*, 224 S.W.3d 169, 180-81 (Tenn. Ct. App. 2006). Exercising our discretion in such matters, we respectfully deny the request for attorney fees on appeal.

## V.     CONCLUSION

This judgment of the trial court is affirmed, and the case is remanded for such further proceedings as may be necessary. Costs of the appeal are taxed to the appellant, Robin White.

_____
JOHN W. McCLARTY, JUDGE