IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 1, 2024

## JANE DOE v. JOHN DAVID ROSDEUTSCHER, M.D., ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 21C2305  Roy B. Morgan, Jr., Senior Judge**

_____

### No. M2024-00283-COA-R3-CV

_____

This is the second appeal arising from a lawsuit in which the plaintiff alleges the defendants engaged in tortious conduct and committed breach of contract when they filed certain medical records into the record of a separate healthcare liability lawsuit. The plaintiff is the same in both cases as are two of the defendants. The defendants' motion to dismiss was granted, and sanctions were imposed against the plaintiff's attorney. The plaintiff appealed to this Court, and we affirmed. We also deemed the appeal to be frivolous and awarded the defendants attorneys' fees and costs incurred litigating the appeal. Upon remand, the trial court calculated the attorneys' fees and costs incurred and the plaintiffs subsequently filed this appeal. Finding that our award of fees in the prior appeal became the law of the case, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and W. NEAL MCBRAYER, J., joined.

Afsoon Hagh, Brentwood, Tennessee, for the appellant, Jane Doe.

Dixie W. Cooper and Matthew H. Cline, Brentwood, Tennessee, for the appellees, Dixie W. Cooper, Esq., Matthew H. Cline, Esq., Cumberland Litigation, PLLC, John David Rosdeutscher, M.D., and Cumberland Plastic Surgery, P.C.

## OPINION

### I. FACTS & PROCEDURAL HISTORY

This is the second appeal arising from a lawsuit in which Ms. Jane Doe, the appellant, asserted claims for invasion of privacy, abuse of process, intentional or reckless infliction of emotional distress, and breach of contract. Two of the defendants in this

matter, Dr. John D. Rosdeutscher and his medical group, Cumberland Plastic Surgery P.C., are represented by the other three defendants: attorney Dixie W. Cooper, attorney Matthew H. Cline, and their law firm, Cumberland Litigation PLLC, cumulatively the appellees. Ms. Cooper, Mr. Cline, and their firm also represented Dr. Rosdeutscher and Cumberland Plastic Surgery in a healthcare liability lawsuit filed by Ms. Doe in which the alleged conduct leading to the present claims occurred. Ms. Doe has been represented by attorney Afsoon Hagh in both this and the original action.[1]

Ms. Doe[2] originally filed the healthcare liability claim against Dr. Rosdeutscher and his medical group for damages resulting from a breast reduction surgery which took place in January 2017. *See Salas v. Rosdeutscher*, No. M2021-00157-COA-T10B-CV, 2021 WL 830009 (Tenn. Ct. App. Mar. 4, 2021). During that litigation, the defendants filed certain medical records into the trial record including nude photographs of Ms. Doe taken by Dr. Rosdeutscher prior to her surgery, and other records containing details regarding her sexual and mental health. In the present litigation, Ms. Doe alleged that the filing of those records constituted tortious conduct and breach of contract. The defendants responded to the complaint by filing a motion to dismiss pursuant to Tennessee Rule of Civil Procedure 12.02(6) for failure to state a claim upon which relief could be granted and by serving Ms. Doe's counsel with a motion for sanctions pursuant to Tennessee Rule of Civil Procedure 11.02.

The trial court first considered the motion to dismiss. The trial court determined that the medical records at issue were necessary to defend the healthcare liability action, that the tort claims were all barred by a one-year statute of limitations, and that the contract did not prohibit the filing of medical records in litigation between the parties. Accordingly, the motion to dismiss was granted on June 7, 2022. The trial court also determined that the defendants were entitled to attorney's fees and expenses pursuant to Tennessee Code Annotated section 20-12-119 pending the outcome of any appeals. The trial court entered an additional order determining that the defendants incurred attorneys' fees and expenses exceeding the statutory limit of $10,000.[3]

Next, the trial court took up the motion for Rule 11 sanctions. An evidentiary hearing was scheduled for June 27, 2022. On June 3, 2022, the defendants issued a subpoena requiring Ms. Hagh to testify at that hearing. However, Ms. Hagh filed a

---

[1] In addition to Ms. Hagh, Ms. Doe was also represented by Ms. Hagh's husband, attorney Brian Manookian in the healthcare liability case. The trial court in that case issued sanctions against Ms. Hagh and Mr. Manookian, and Mr. Manookian was later suspended from the practice of law.

[2] Ms. Doe was permitted to file this action under a pseudonym pursuant to a protective order, but after the first appeal, an order was entered dissolving that protective order and Ms. Doe was identified as Ms. Pamela Salas. We refer to her as Ms. Doe in this opinion for ease of reference to the record and to avoid any confusion with the first appeal of this case.

[3] After the first appeal in this matter, an order was entered on September 28, 2023, in which the trial court ordered the plaintiff to pay $10,000 in attorneys' fees and costs to the defendants.

declaration asserting that she had not been served on June 3, 2022. A hearing was held on the issue on June 20, 2022, in which counsel appeared on Ms. Hagh's behalf and made a motion to continue the proceedings. The trial court entered an order denying the motion to continue and found that Ms. Hagh had been served. The order also stated that Ms. Hagh's counsel accepted service on her behalf during the hearing on June 20, 2022. On the morning of the evidentiary hearing, Ms. Hagh's counsel informed the defendants that he was no longer representing her, and she did not appear. Despite this, the hearing proceeded. Ms. Cooper and Mr. Cline both testified and submitted certain billing information for the court's consideration. At the conclusion of the hearing, the trial court made an oral ruling in which it granted the motion for sanctions. The trial court later memorialized its findings in a written order entered on August 5, 2022. The trial court stated that the lawsuit was filed "as retaliation to Defendants and to intimidate them based on the prior interactions with Ms. Hagh in the underlying healthcare liability action." The trial court determined that the full amount of attorneys' fees incurred by the defendants was the appropriate measure of sanctions in order to deter repetition. The trial court found the total costs and attorneys' fees totaled $42,151.67, subtracted the $10,000 worth of fees awarded in the order granting the motion to dismiss, and ordered sanctions in the amount of $32,151.67 against Ms. Hagh and her firm. The trial court also asked defendants' counsel to draft an order which would refer Ms. Hagh's failure to appear to the district attorney of Davidson County for any action he deemed appropriate.

Ms. Doe appealed, claiming that the trial court erred when it granted the motion to dismiss and the rule 11 sanctions. *Doe v. Rosdeutscher*, No. M2022-00834-COA-R3-CV, 2023 WL 3119472, at *5 (Tenn. Ct. App. Apr. 27, 2023) *perm. app. denied* (Tenn. Aug. 8, 2023) ("*Doe I*"). The defendants addressed these issues and sought an award of attorneys' fees incurred from litigating a frivolous appeal. *Id.* at *6. We affirmed the trial court's dismissal of the tort claims as the one-year statute of limitations on each of the claims had run prior to the filing of the lawsuit. *Id.* at *8. We also affirmed the dismissal of the breach of contract claim as the contract did not prohibit the entry of medical records into the record of the original lawsuit. *Id.* at *10. We further pointed to the inconsistency in the plaintiff asserting that the entry of the photographs constituted breach of contract when they had acknowledged that the photographs would be introduced during the trial of the healthcare liability action for the purpose of showing the plaintiff's condition before and after the surgery. *Id.* We also affirmed the imposition of the rule 11 sanctions against Ms. Hagh, as she did not join the plaintiff's brief or file a separate brief challenging the sanctions levied against her and the plaintiff did not have standing to do so. *Id.* at *12. Finally, we determined that the appeal was so devoid of merit that it had no prospect of success and thus was frivolous as Ms. Doe admitted facts which were fatal to her claims. *Id.* Accordingly, we granted the defendants' request for attorneys' fees and remanded the case solely for the trial court to determine the reasonable amount of fees and expenses incurred on appeal. *Id.* at *13.

On remand, the defendants filed a document titled "Application for Attorneys' Fees

and Costs for Frivolous Appeal." The defendants attached a declaration signed by Ms. Cooper containing information regarding the attorneys' qualifications, the billable rate each attorney would charge for the work performed, the estimated number of hours spent working on the appeal, and a breakdown of requested attorneys' fees and expenses. The plaintiffs filed a response to the application arguing that no fees should be awarded for various reasons.

The evidentiary hearing took place on January 10, 2024, and the trial court heard testimony from Mr. Cline, Ms. Cooper, Dr. Rosdeutscher, and attorney Phillip North on the sole issue of the amount of attorneys' fees and costs incurred in litigating *Doe I*. The only exhibits entered were a summary of attorneys' fees and expenses sought, which had been prepared by the defendants, and a letter sent from the defendants to the plaintiffs with summaries of the work performed throughout the appeal attached. The plaintiff did not call any witnesses or enter any exhibits rebutting those entered by the defendants. Plaintiff's counsel[4] did ask questions related to the status of the attorneys as co-defendants in the case, whether that created any conflicts of interest between the attorneys and the other defendants, and whether any written waivers of conflicts of interests had been executed.

Ms. Cooper testified first. Ms. Cooper was shown the summary of fees and expenses which totaled $30,325. On cross-examination, plaintiff's counsel asked whether a written agreement was in place between Ms. Cooper and the other defendants laying out the scope of the representation or payment obligations. She stated that there was not, as the representation was part of the ongoing representation of Dr. Rosdeutscher and his practice which began when the plaintiff filed the healthcare liability lawsuit. Ms. Cooper was also asked whether there was a document waiving any conflicts of interest signed by each of the co-defendants to which she answered that "[t]here [was] no conflict of interest in us representing Dr. Rosdeutscher" because the claims were "frivolous and false."

Ms. Cooper was also asked "[t]o whom specifically are you asking the court to make an award of fees" to which she responded "[t]o Dr. Rosdeutscher's [insurance] carrier." Ms. Cooper further stated that all the fees being sought were to compensate Dr. Rosdeutscher and the carrier who had paid the bills for her and her firm's services. She also indicated that no fees were being sought to be paid to her, Mr. Cline or to their firm. Ms. Cooper also indicated that no money had been paid for the representation of the defendant-attorneys or their firm, and that there was no need to hire separate counsel to handle the case as it was frivolous. Ms. Cooper did acknowledge that she and her firm "certainly benefitted from the work" but stated that "[a]ll of this work was done on behalf of Dr. Rosdeutscher and his group, every bit of it." Ms. Cooper was later recalled and

---

[4] Ms. Hagh did not represent the plaintiff in this hearing because she asserted that a conflict of interest may have existed between her and Ms. Doe due to Mr. Phillip North being present to testify during the matter. As a result, Mr. John Spragens represented Ms. Doe at this hearing.

asked whether $300-$400 per hour would be a reasonable hourly rate for the type of work performed, to which she answered yes.

Mr. Cline testified regarding the appropriate amount of fees and the conflict of interest issues. Mr. Cline testified that the time spent working on the appeal, and the hourly rates charged for that work were, in his opinion, reasonable. Mr. Cline also spoke to the nature of the appeal and the amount of work it took to litigate when considering both the suit itself and the ongoing healthcare liability action from which it arose. Mr. Cline also stated that, if another attorney had been retained to handle the appeal, it would have likely taken many more hours of work and been much more expensive as a result. Mr. Cline was asked about the summaries of the work performed entered as Exhibit 2 and explained that all the costs listed had either been paid or would be paid by Dr. Rosdeutscher's insurance carrier and that any attorneys' fees and costs awarded would be reimbursed to the carrier.

Mr. Cline was also asked whether a document waiving any conflicts of interest had been signed by any of the co-defendants, to which he answered no, "because there [was] no conflict." Mr. Cline stated that a conflict of interest could not have existed at the time of the appeal as the case had already been deemed frivolous by the trial court and that no conflict existed prior to the appeal as the allegations were untrue. Mr. Cline was also asked whether any time entries chronicling work performed on behalf of the attorney-defendants were excluded from the summaries of work performed contained in Exhibit 2. Mr. Cline stated that "[t]here was no work that was done separately for us. All of the work was done for Dr. Rosdeutscher."

Finally, attorney Phillip North testified regarding the reasonableness of the fees charged. Mr. North provided his background as an attorney with many years' experience and indicated that, in his opinion, a $300-$400 hourly rate was reasonable for Ms. Cooper and a $200-$300 hourly rate was reasonable for Mr. Cline. On cross-examination, Mr. North acknowledged that he had previously entered an appearance in the case for a charging order seeking to recover judgments obtained against Ms. Hagh and her law firm. He stated that he was retained by the insurance carrier to litigate the charging order, and when asked about who his client was, he stated that he believed "the legal technicality is that I'm representing Dr. Rosdeutscher and the people in whose favor the judgment against Ms. [Doe] was entered." He stated that this meant he had duties of loyalty to Dr. Rosdeutscher, his practice group, Mr. Cline, Ms. Cooper, and their firm but that only the insurance carrier paid him. The plaintiff's counsel pursued this line of questioning so that the trial court would consider whether there was any potential for bias in Mr. North's testimony regarding the appropriateness of fees based on his relationships with the defendants.

At the conclusion of the hearing, the trial court made an oral ruling which was later memorialized in a written order entered January 25, 2024. In that order, the trial court stated that it found the testimony presented by the attorneys to be credible. Specifically,

the trial court stated that, while it considered the evidence presented regarding the possibility of bias in Mr. North's testimony, it found his testimony to be credible. The trial court addressed the arguments raised by Ms. Doe regarding the absence of any waivers of conflicts of interests, but ultimately stated that it "accept[ed] the testimony of defense counsel that there was no need for a conflict waiver because there was no conflict of interest." The trial court further stated that there was no need to reduce the award to account for work done on behalf of the attorneys as "[d]efense counsel performed all the work in this case for the benefit of Dr. Rosdeutscher and his medical practice." The trial court also stated that while some of the work may have benefitted the attorney-defendants that "all of the work would have been necessary for Dr. Rosdeutscher and Cumberland Plastic Surgery regardless." The trial court then awarded Dr. Rosdeutscher and Cumberland Plastic Surgery $30,825 in attorneys' fees and expenses for what this Court had previously determined was a frivolous appeal. No additional fees were awarded to Ms. Cooper, Mr. Cline, or to their law firm. Ms. Doe filed this appeal on February 22, 2024.

## II. Issues Presented

Ms. Doe presented the following issues on appeal, which we have slightly reframed:

1. Whether the trial court erred when it awarded attorneys' fees to the defendants despite an alleged conflict of interest existing.
2. Whether the trial court erred when it awarded attorneys' fees to all five defendants, despite two of the defendants named in the case being the attorneys representing the parties and another party being their law firm.

In addition to answering Ms. Doe's issues, the defendants raised the following issue on appeal, which we have slightly reframed:

1. Whether this appeal is frivolous and justifies an award of attorney's fees.

## III. Discussion

### A. Standard of Review:

A "trial court's determination of a reasonable attorney's fee is 'a subjective judgment based on evidence and the experience of the trier of facts.'" *Wright ex rel. Wright v. Wright*, 337 S.W.3d 166, 176 (Tenn. 2011) (quoting *United Med. Corp. of Tennessee, Inc. v. Hohenwald Bank & Trust Co.*, 703 S.W.2d 133, 137 (Tenn. 1986). Thus, the calculation "of attorney's fees is within the discretion of the trial court and will be upheld unless the trial court abuses its discretion." *Id.* An abuse of discretion only exists "if the court 'applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employ[ed] reasoning that causes an injustice to the complaining party." *Id.* (quoting *Konvalinka v. Chattanooga–Hamilton*

*Cnty. Hosp. Auth.*, 249 S.W.3d 346, 358 (Tenn. 2008).

### B. Whether the trial court erred when it awarded attorneys' fees despite an alleged conflict of interest existing.

The appellant claims that the trial court erred when it awarded attorneys' fees to the defendants when a conflict of interest existed. The rules of professional conduct in Tennessee generally forbid a lawyer from representing a client when a concurrent conflict of interest exists. Tenn. Sup. Ct. R. 8, RPC 1.7(a). Rule 1.7 further states that:

A concurrent conflict of interest exists if:

(1) the representation of one client will be directly adverse to another client; or
(2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

Tenn. Sup. Ct. R. 8, RPC 1.7(a)(1)-(2). However, the rules go on to state that:

(b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:
(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
(2) the representation is not prohibited by law;
(3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
(4) each affected client gives informed consent, confirmed in writing.

Tenn. Sup. Cr. R. 8, RPC 1.7(b)(1)-(4).

Ms. Doe alleges that Ms. Cooper's and Mr. Cline's representation of themselves and their law firm created a concurrent conflict of interest with their representation of Dr. Rosdeutscher and Cumberland Plastic Surgery. She further argues that failure to obtain informed consent from Dr. Rosdeutcher and Cumberland Plastic Surgery made the representation "per se illegal" and that the trial court "erred in enforcing any fees purportedly charged pursuant to an illegal contract." The potential conflict of interest was brought to the trial court's attention during the January 10, 2024 evidentiary hearing and in various filings prior to the hearing. However, the trial court stated in its final order that "[t]here [was] no dispute that there was no signed conflict waiver" but that it "accept[ed] the testimony of defense counsel that there was no need for a conflict waiver because there was no conflict of interest."

Ms. Doe's arguments do not consider that, when we determined the *Doe I* appeal was frivolous and awarded attorneys' fees and expenses, our decision became the law of the case. *See Doe I*, 2023 WL 3119472, at \*13. The "law of the case" is a phrase commonly used to describe "a legal doctrine which generally prohibits reconsideration of issues that have already been decided in a prior appeal of the same case." *Memphis Pub'g. Co. v. Tennessee Petroleum Underground Storage Tank Bd.*, 975 S.W.2d 303, 306 (Tenn. 1998). This "doctrine applies to issues that were actually before the appellate court in the first appeal and to issues that were necessarily decided by implication." *Id.* (citing *Ladd v. Honda Motor Co., Ltd.*, 939 S.W.2d 83, 90 (Tenn. Ct. App. 1996)).

Ms. Doe's arguments pertain to whether the defendants were entitled to attorneys' fees; however, the only issue the trial court had jurisdiction to consider was the *amount* of attorneys' fees which were reasonable as we had already found that the defendants were entitled to an award of fees. *See Grant v. Anderson*, No. M2019-01099-COA-R3-CV, 2020 WL 2850039, at \*2-3 (Tenn. Ct. App. June 2, 2020) (stating that "the trial court had no authority to revise or modify our prior opinion" where the plaintiffs stated that "the judgment of [the Court of Appeals] [was] void and is not entitled to prospective application because our 'judgment of dismissal [was] no longer equitable to or just for any of the parties'"). *See also Holleman v. Holleman*, No. E2019-02163-COA-R3-CV, 2020 WL 3481697, at \*2-3 (Tenn. Ct. App. June 25, 2020) (narrowing the issues on appeal where appellants raised issues decided in a prior appeal and citing language from a previous order entered by this Court in which we stated that "[t]he propriety of an award of attorney's fees was fully and finally decided when the mandate issued" and that "[t]he only issue remanded to the Trial Court was the issue of the determination of the amount of reasonable attorney's fees to award").

We considered factual circumstances similar to those in the present case in *Wilkes v. Shaw Enterprises, LLC*, No. M2010-00105-COA-R3-CV, 2011 WL 1679042 (Tenn. Ct. App. May 4, 2011) ("*Wilkes II*"). That case involved a set of buyers who filed a suit for breach of contract against the builder of their home based on certain defects present after construction. *Id.* at \*1-2. In the first appeal of that case, we reversed and remanded for additional evidence on the issue of whether the construction of the home "comp[lied] with 'good building practices.'" *Wilkes v. Shaw Enterprises, LLC*, 2008 WL 695882, No. M2006-01014-COA-R3-CV, at \*9 (Tenn. Ct. App. March 14, 2008) ("*Wilkes I*"). We also determined that the language of the parties' contract provided for an award of attorney's fees to the "prevailing party" in the event that litigation ensued between the parties. *Id.* at \*12 Accordingly, we found that the buyers were entitled to reasonable attorney's fees on appeal and remanded the case in part for a determination of attorney's fees and costs incurred on appeal. *Id.* On remand, the trial court entered a new ruling on the merits that was more favorable to the defendant builder and held that because "the outcome of the appeal and retrial [were] more favorable to the Defendant than to the Plaintiffs . . . the Plaintiff's request for attorney fees and discretionary costs incurred during and after the

appeal . . . is hereby, denied." *Wilkes II*, 2011 WL 1679042, at *10.

The buyers appealed on both the merits and on the issue of attorney's fees. *Id.* at *7. On the issue of fees, we stated that "[w]hen this court held the [buyers] were entitled to recover their attorneys' fees and costs on appeal, that holding became the law of the case, which the trial court was bound to follow." *Id.* at *10 (citing *Memphis Pub'g. Co.*, 975 S.W.2d at 306). Accordingly, we again remanded the case to the trial court in order for it to determine and award "the appropriate amount of attorneys' fees and costs incurred in [the buyers'] first appeal to this court." *Id.*

Similarly, here, Ms. Doe essentially claims this Court's award of attorneys' fees should be void based on what she alleges to be a conflict of interest between the opposing counsel and the opposing parties. While she states the trial court erred in awarding fees, she really challenges our ruling in the first appeal of this case. However, the trial court only had authority to calculate a reasonable amount of fees rather than to decide whether they should be awarded. *See Grant*, 2020 WL 2850039, at *2 (stating that "the trial court had no authority to revise or modify our prior opinion"). In the same way the trial court in *Wilkes* was without authority to overrule our decision to award fees to the buyers, the trial court here did not have authority to revise or modify our decision to award the defendants attorneys' fees in *Doe I*. *Wilkes*, 2011 WL 1679042, at *10; *Doe I*, 2023 WL 3119472, at *13.

There are some limited exceptions to the law of the case doctrine when:

> "(1) the evidence offered at a trial or hearing after remand was substantially different from the evidence in the initial proceeding; (2) the prior ruling was clearly erroneous and would result in a manifest injustice if allowed to stand; or (3) the prior decision is contrary to a change in the controlling law which has occurred between the first and second appeal."

*Memphis Pub'g. Co.*, 975 S.W.2d at 306. Ms. Doe did not claim that any exception applied and having reviewed them, we do not find any of them to be applicable. A petition was filed for our Supreme Court to hear an appeal of our original ruling, but that petition was denied. *See Doe I*, 2023 WL 3119472, *perm. app. denied* (Tenn. Aug. 8, 2023). Accordingly, the trial court did not err by enforcing our decision to award reasonable attorneys' fees and costs incurred on appeal.

Further, there is nothing contained in Ms. Doe's brief or in the record asserting that the amount of fees awarded was unreasonable. A great deal of proof was presented by the defendants regarding the reasonableness of the fees requested, and the trial court found that evidence to be convincing. The trial court went on to say that it found "Defendants' proof on the reasonableness and necessity of the attorneys' fees to be sufficient" while the opposing parties "did not bring in any witness or submit one iota of proof to contradict the

- 9 -

attorneys' fees and expenses sought."  Accordingly, we find that the trial court did not err when it calculated reasonable attorneys' fees and costs incurred in the first appeal of this case in the amount of $30,825.

## C.  Whether the trial court erred when it awarded attorneys' fees to all five defendants, despite two of the defendants named in the case being the attorneys representing the parties and another party being their law firm.

Ms. Doe next argues that the trial court erred when it awarded the defendant-attorneys' fees for representing themselves and that the total award should have been reduced to account for any services which were incurred on behalf Ms. Cooper or Mr. Cline.  The appellees argue that no attorneys' fees were awarded to Ms. Cooper, Mr. Cline or to their law firm but rather, that all the fees in this case were awarded to Dr. Rosdeutscher and Cumberland Plastic Surgery.

The trial court's order is specific.  The order states "the Court awards Dr. Rosdeutscher and Cumberland Plastic Surgery, P.C., a judgment for attorneys' fees and expenses for frivolous appeal in the amount of $30,825."  Further, both Mr. Cline and Ms. Cooper testified that the attorneys' fees being sought were to pay for the services performed on behalf of Dr. Rosdeutscher and his practice group and that while they may have benefitted from the work, that no additional work was performed solely on behalf of Mr. Cline, Ms. Cooper, or their law firm.  The trial court relied on this in its findings and stated that "[d]efense counsel performed all the work in this case for the benefit of Dr. Rosdeutscher and his medical practice, Cumberland Plastic Surgery."  The trial court further stated that while the work "also benefited defense counsel and their law firm, all of the work would have been necessary for Dr. Rosdeutscher and Cumberland Plastic Surgery regardless."  The trial court went on to state that requiring additional attorneys to handle this case "would not have been a practical approach at all" as this was "determined to be a frivolous case and a frivolous appeal."  The trial court further stated that requiring different representation "could have multiplied [the attorneys' fees] multiple times over."

No fees were awarded to Mr. Cline, Ms. Cooper, or to their firm, and no evidence was entered contradicting the trial court's finding that no additional work was performed specifically for the attorneys or their firm.  Nothing in the breakdown of the activities performed indicates that any work was not performed for the benefit of Dr. Rosdeutscher or his practice group.  The plaintiffs did not elicit any testimony or submit any proof indicating that fees were incurred on behalf of the attorney-defendants or their law firm.  Therefore, we find the issue to be without merit and the findings of the trial court are affirmed.

## D.  Whether this appeal is frivolous and justifies an award of attorney's fees.

The defendants claim that Ms. Doe's appeal was frivolous and seek an award of

reasonable attorneys' fees and costs incurred litigating this appeal. Attorney's fees may be awarded when an appeal is frivolous or taken solely for delay pursuant to Tennessee Code Annotated section 27-1-122. "A frivolous appeal is one that is 'devoid of merit,' or one in which there is little prospect that it can ever succeed." *Indus. Dev. Bd. of City of Tullahoma v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995) (quoting *Combustion Eng'g., Inc. v. Kennedy*, 562 S.W.2d 202, 205 (Tenn. 1978)). An appellate court has discretion when determining whether an appeal is frivolous to justify an award of attorney's fees, and that "discretion is exercised 'sparingly so as not to discourage legitimate appeals.'" *Eberbach v. Eberbach*, 535 S.W.3d 467, 475 (Tenn. 2017) (quoting *Whalum v. Marshall*, 224 S.W.3d 169, 181 (Tenn. Ct. App. 2006)).

We have previously found appeals predicated on arguments against the law of the case to be frivolous. *See Grant*, 2020 WL 2850039, at *3 (awarding attorney's fees where a party's "motion for relief from our judgment and opinion had no chance for success") Similarly, the appeal here was predicated primarily on the trial court's decision to award reasonable attorneys' fees in accordance with our decision in *Doe I*. 2023 WL 3119472, at *13. Therefore, this appeal had no reasonable chance of success and was frivolous. We remand to the trial court so that it may calculate reasonable attorneys' fees to be awarded to Dr. Rosdeutscher and Cumberland Plastic Surgery.

## IV. Conclusion

For these reasons, the judgment of the trial court is affirmed, and the cause remanded for further proceedings consistent with this opinion. Costs of this appeal are taxed to the appellant, Ms. Jane Doe (Pamela Salas), for which execution may issue if necessary.

_____
CARMA DENNIS MCGEE, JUDGE