IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 16, 2025

## MAWULE TEPE v. CONNOR MCCARTHY BLAIR ET AL.

**Appeal from the Circuit Court for Bradley County**
No. V-24-520      J. Michael Sharp, Judge
_____

**No. E2025-02002-COA-T10B-CV**
_____

This is an interlocutory appeal as of right, pursuant to Tennessee Supreme Court Rule 10B, filed by the plaintiff, Mawule Tepe ("Plaintiff"), seeking to recuse the trial judge in this case. After diligent review of the materials submitted on appeal, we vacate an order and a pre-filing injunction entered by the trial court while the recusal motion was pending. The trial court's denial of the recusal motions is affirmed in all other respects.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal; Order of the Circuit Court for Bradley County Affirmed in Part; Vacated in Part; Case Remanded**

KRISTI M. DAVIS, J., delivered the opinion of the Court, in which ANDY D. BENNETT and CARMA DENNIS MCGEE, JJ., joined.

Mawule Tepe, Cleveland, Tennessee, Pro Se Appellant.

Justin M. Sveadas and Derek W. Mullins, Chattanooga, Tennessee, for the appellees, Derek W. Mullins; Justin M. Sveadas; Baker, Donelson, Bearman, Caldwell & Berkowitz, PC; and Truist Financial Corporation.[1]

## OPINION

### BACKGROUND

Nothing before us in this recusal appeal indicates the substantive nature of the litigation underlying this appeal. In fact, the recusal motions and the order from which Plaintiff appeals each include four case captions, all from the Bradley County Circuit Court (the "trial court"): *Mawule Tepe v. Derek Wayne Mullins, et al.*, No. V-23-330; *Mawule*

_____
[1] Multiple parties are involved in this matter at the trial court level. However, the parties and attorneys listed here filed a motion that is addressed by this Court's opinion.

*Tepe v. Connor M. Blair, et al.*, No. V-24-520; *Mawule Tepe v. Bradley Arant Boult Cummings, et al.*, No. V-24-660; and *Mawule Tepe v. Connor M. Blair, et al.*, No. V-25-048. The trial court judge to whom all of these cases has been assigned is Judge Michael Sharp (the "Trial Judge").

On November 6, 2025, Plaintiff filed the first recusal motion at issue in this appeal. This motion set forth three purported grounds for the Trial Judge's recusal: (1) that he is a named defendant in a lawsuit filed by Plaintiff; (2) that he failed to provide his "Foreign Registration and Anti-Bribery Statement with Affidavit in Support," "Surety Bonds," and "Oath of Office" to Plaintiff upon request; and (3) that he discriminated against Plaintiff based on Plaintiff's pro se status and race. On November 20, 2025, Plaintiff filed a supplemental recusal motion setting forth three additional purported grounds: (1) that the trial court had not yet ruled on his first recusal motion; (2) that the trial court entered a pre-filing injunction while the first recusal motion was still pending; and (3) that the Trial Judge engaged in "conduct demonstrating actual bias or, at minimum, an appearance of bias that would cause a reasonable person to question the [trial court's] impartiality."

On December 10, 2025, the trial court entered an order denying both recusal motions. The bases for the denials are discussed in further depth below.

## ISSUES

We consolidate and restate the issues raised by Plaintiff on appeal as: whether the Trial Judge erred by denying Plaintiff's recusal motions.

## STANDARD OF REVIEW

Interlocutory appeals of right from the denial of recusal motions are governed by Tennessee Supreme Court Rule 10B. We review a trial court's ruling on a motion for recusal under a *de novo* standard of review with no presumption of correctness. Tenn. Sup. Ct. R. 10B, § 2.01. "The party seeking recusal bears the burden of proof, and 'any alleged bias must arise from extrajudicial sources and not from events or observations during litigation of a case.'" *Neamtu v. Neamtu*, No. M2019-00409-COA-T10B-CV, 2019 WL 2849432, at *2 (Tenn. Ct. App. July 2, 2019) (quoting *Williams by & through Rezba v. HealthSouth Rehab. Hosp. N.*, No. W2015-00639-COA-T10B-CV, 2015 WL 2258172, at *5 (Tenn. Ct. App. May 8, 2015)). As this Court has explained:

> "[A] party challenging the impartiality of a judge 'must come forward with some evidence that would prompt a reasonable, disinterested person to believe that the judge's impartiality might reasonably be questioned.'" *Duke* [*v. Duke*], 398 S.W.3d [665,] 671 [(Tenn. Ct. App. 2012)] (quoting *Eldridge v. Eldridge*, 137 S.W.3d 1, 7-8 (Tenn. Ct. App. 2002)). When reviewing requests for recusal alleging bias, "it is important to keep in mind the

fundamental protections that the rules of recusal are intended to provide." *In re A.J.*, No. M2014-02287-COA-R3-JV, 2015 WL 6438671, at *6 (Tenn. Ct. App. Oct. 22, 2015), *perm. app. denied* (Tenn. Feb. 18, 2016). **"The law on judicial bias is intended 'to guard against the prejudgment of the rights of litigants and to avoid situations in which the litigants might have cause to conclude that the court had reached a prejudged conclusion because of interest, partiality, or favor.'"** *Id.* (quoting *Bean v. Bailey*, 280 S.W.3d 798, 803 (Tenn. 2009)).

*Neamtu*, 2019 WL 2849432, at *3 (quoting *In re Samuel P.*, No. W2016-01592-COA-T10B-CV, 2016 WL 4547543, at *2 (Tenn. Ct. App. Aug. 31, 2016)).

Furthermore, "a judge should not decide to recuse unless a recusal is truly called for under the circumstances." *Rose v. Cookeville Reg'l Med. Ctr.*, No. M2007-02368-COA-R3-CV, 2008 WL 2078056, at *2 (Tenn. Ct. App. May 14, 2008). This is true because "[a] judge has as much of a duty not to recuse himself absent a factual basis for doing so as he does to step aside when recusal is warranted." *Id*. at *2 (quoting *Mass v. McClenahan*, No. 93 Civ. 3290 (JSM), 1995 WL 106106, at *1 (S.D.N.Y. Mar. 9, 1995)); *see Adams v. Dunavant*, 674 S.W.3d 871, 879 (Tenn. 2023) ("A trial judge has a duty to serve unless the proponent establishes a factual basis warranting recusal." (quoting *Raccoon Mtn. Caverns and Campground, LLC v. Nelson*, No. E2022-00989-COA-T10B-CV, 2022 WL 3100606, at *3 (Tenn. Ct. App. Aug. 4, 2022))). Recusal based upon an asserted appearance of bias or prejudice "is appropriate only if the facts provide what an objective, knowledgeable member of the public would find to be a reasonable basis for doubting the judge's impartiality." *Rose*, 2008 WL 2078056, at *2 (quoting *In re United States*, 666 F.2d 690, 695 (1st Cir. 1981)).

## DISCUSSION

### *a.*

Plaintiff has filed a motion asking this Court to take judicial notice of various matters. Tennessee Rule of Evidence 201 deals with judicial notice of adjudicative *facts* and provides, in relevant part:

> (b) Kinds of Facts. A judicially noticed fact must be one not subject to reasonable dispute, in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

> (c) When Discretionary. A court may take judicial notice whether requested or not.

(d) When Mandatory. A court shall take judicial notice if requested by a party and supplied with the necessary information.

Tennessee Rule of Evidence 202 deals with judicial notice of laws.

Plaintiff requests that we take judicial notice of (1) a document Plaintiff filed in a separate appeal, which he purports shows that the Trial Judge has "arbitrarily stayed this latest case for over 2 years for no legal justifiable reasons," (2) a subpoena that was attached to Plaintiff's petition for recusal appeal filed with this Court, (3) a lawsuit filed by Plaintiff accusing multiple defendants, including the Trial Judge, of violations of 18 U.S.C. section 1983, (4) a motion for attorney's fees filed by other parties to this appeal, and (5) "how abusive [the Trial Judge] is, and how he keeps issuing a [sic] **repeated retaliatory** orders until now." However, none of these items are the type of "fact . . . not subject to reasonable dispute" provided for in Rule 201, nor are these items laws that can be judicially noticed pursuant to Rule 202. Therefore, we deny Plaintiff's request that we take judicial notice of these items. Despite this denial, we have reviewed all of the documents filed by Plaintiff and other parties in this recusal appeal.

Plaintiff also requests that we take judicial notice of the United States Supreme Court's opinion in *In re Murchison*, 349 U.S. 133 (1955). This is the type of common law anticipated by Rule 202(a)(1). Therefore, we grant Plaintiff's motion as to this request only and take judicial notice of the Supreme Court's opinion in *In re Murchison*.

*b.*

After reviewing the petition and supporting documents submitted with the petition, we have determined that an answer, additional briefing, and oral argument are unnecessary to our disposition because the record provided by Plaintiff does not demonstrate error by the Trial Judge with regard to the denial of Plaintiff's motions for recusal. As such, we have elected to act summarily on this appeal in accordance with sections 2.05 and 2.06 of Rule 10B.

The first alleged ground for Plaintiff's recusal motions is that the Trial Judge is a defendant in Plaintiff's 1983 Case. Plaintiff insists that this Court's opinion in *Kinard v. Kinard*, 986 S.W.2d 220 (Tenn. Ct. App. 1998), requires that the Trial Judge recuse himself due to the pending 1983 Case. However, *Kinard* stands for no such thing. One of the parties in *Kinard* moved the trial judge to recuse himself when the trial judge had previously been in an office-sharing relationship with the other party's counsel during the pendency of the litigation. 986 S.W.2d at 229. In that case, this Court ultimately concluded that the trial judge did not err in denying the recusal motion because "[t]here is no evidence in the record that the trial judge played any role in or received any benefit from the earlier litigation . . . . Considering the totality of the circumstances, we find that a reasonable

person, knowing all the relevant facts, would not conclude that the trial judge could not be impartial." *Id*. Therefore, *Kinard* does not support Plaintiff's argument.

Instead, this Court has made clear that "recusal is not required simply because a party has filed a complaint against a judge." *Kelly M. v. Agness M.*, No. E2024-00629-COA-T10B-CV, 2024 WL 2564454, at *5 (Tenn. Ct. App. May 23, 2024), *no perm. app. filed*, (quoting *Denney ex rel. Doghouse Computs., Inc. v. Rather*, No. M2022-01743-COA-T10B-CV, 2023 WL 316012, at *4 (Tenn. Ct. App. Jan. 19, 2023)). "The concern with strictly requiring recusal in such circumstances, of course, is that it could foster abuse of the judicial system by encouraging people to judge-shop and manufacture recusals." *Dover v. Dover*, No. E2024-01523-COA-T10B-CV, 2024 WL 4692297, at *10 (Tenn. Ct. App. Nov. 6, 2024), *perm. app. denied* (Tenn. 2025), (quoting *Salas v. Rosdeutscher*, No. M2021-00157-COA-T10B-CV, 2021 WL 830009, at *3 (Tenn. Ct. App. Mar. 4, 2021)). In the order denying Plaintiff's recusal motions, the Trial Judge states that he was never personally served with process in the 1983 Case and was only aware of the case because Plaintiff attached the complaint filed in the 1983 Case to a motion to continue filed in one of the cases underlying this appeal. The Trial Judge further denies the allegations set forth in the 1983 Case, states that he "has always endeavored and will always endeavor to adjudicate any and all proceedings involving [Plaintiff] . . . with impartiality and fairness[,]" and concludes that Plaintiff filed the 1983 Case "in whole or in part, with the aim of delaying [the trial court] from adjudicating the claims, motions, and arguments presented in the" cases underlying this appeal. Finally, the Trial Judge states that he "is not actively involved in the defense of the [1983 Case], as such defense is being handled by the Tennessee Attorney General's Office." Applying a de novo review to the facts of this case, we do not conclude that a person of ordinary prudence in the Trial Judge's position, knowing all the facts known to him, would find a reasonable basis for questioning his impartiality.

As a second ground, Plaintiff argues that the Trial Judge is required to produce to Plaintiff upon request his oath of office, a "Foreign Registration and Anti-Bribery Statement with Affidavit in Support" pursuant to Tennessee Code Annotated section 8-50-502(a), and "Surety Bonds" pursuant to Tennessee Code Annotated section 8-19-101. However, even if the Trial Judge were required to execute such documents, he is not necessarily the custodian of such documents for purposes of a public records request. *See* Tenn. Code Ann. § 10-7- 503(a)(2)(B) ("The custodian of a public record or the custodian's designee shall promptly make available for inspection any public record not specifically exempt from disclosure."); *see, e.g.*, Tenn. Code Ann. § 8-18-108 (requiring that oaths of office taken by circuit court judges be filed in the office of the secretary of state). Plaintiff has not cited any authority that would require the Trial Judge to produce a copy of these documents at Plaintiff's request. Moreover, Plaintiff requested these documents from the Trial Judge by attempting to serve him with a subpoena for their production. Subpoenas are a type of discovery tool and are limited in scope by Tennessee Rule of Civil Procedure 26.02 to "any matter, not privileged, *which is relevant to the subject matter involved in the*

*pending action*, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party[.]" Tenn. R. Civ. P. 26.02(1) (emphasis added). The Trial Judge quashed Plaintiff's subpoena, in part, because the requested documents were "wholly irrelevant to any claim or defense presented in that action and were not reasonably calculated to lead to the discovery of permissible evidence as required by [Rule] 26.02." Because this Court has not been informed of the substantive nature of the lawsuit in which the subpoena was issued, we are unable to determine whether this was in error. Because Plaintiff is the party requesting recusal, he bears the burden of proof. *Neamtu*, 2019 WL 2849432, at *2. Plaintiff has not pointed to any statutory authority that would require the Trial Judge to personally provide Plaintiff with a copy of the records he has requested. He also has not shown that the documents requested are relevant to the subject matter involved in the lawsuit in which the subpoena was issued. Accordingly, we cannot conclude that Plaintiff's request for these documents and the Trial Judge's refusal to comply with such request forms a basis for the Trial Judge to recuse himself from the underlying lawsuits.

Plaintiff's third argument is that the Trial Judge "discriminated against him based on his race and/or his *pro se* status." Plaintiff is upset that the trial court has ruled against him in various ways, but he offers no evidence to suggest that the trial court's rulings were the result of the Trial Judge's discrimination against Plaintiff due to his race or pro se status, and the Trial Judge denies harboring any animosity or bias against Plaintiff due to his race or pro se status. Plaintiff also argues that the Trial Judge should be required to recuse because he did not act upon Plaintiff's recusal motion within thirty days, because the trial court granted a motion for a pre-filing screening mechanism while the recusal motion was pending, and because the trial court's overall actions demonstrate its bias against Plaintiff. However, "[a] trial judge's adverse rulings are not usually sufficient to establish bias." *State v. Cannon*, 254 S.W.3d 287, 308 (Tenn. 2008) (citing *Alley v. State*, 882 S.W.2d 810, 821 (Tenn. Crim. App. 1994)). Therefore, "the mere fact that a judge has ruled adversely to a party or witness is not grounds for recusal." *McKenzie v. McKenzie*, No. M2014-00010-COA-T10B-CV, 2014 WL 575908, at *4 (Tenn. Ct. App. Feb. 11, 2014). A trial judge's rulings, "even if erroneous, numerous and continuous, do not, without more, justify [the judge's] disqualification." *Cannon*, 254 S.W.3d at 308 (quoting *Alley*, 882 S.W.2d at 821). As our Supreme Court has explained:

> Given the adversarial nature of litigation, trial judges necessarily assess the credibility of those who testify before them, whether in person or by some other means. Thus, the mere fact that a witness takes offense at the court's assessment of the witness cannot serve as a valid basis for a motion to recuse. If the rule were otherwise, recusal would be required as a matter of course since trial courts necessarily rule against parties and witnesses in every case, and litigants could manipulate the [impartiality] issue for strategic advantage, which the courts frown upon. *See Kinard*, 986 S.W.2d at 228.

- 6 -

*Davis v. Liberty Mut. Ins. Co.*, 38 S.W.3d 560, 565 (Tenn. 2001). Moreover, nothing within Rule 10B requires a trial judge to act upon a motion to recuse within thirty days of the date it was filed. Plaintiff has not demonstrated any basis to conclude that the trial court's rulings against Plaintiff require the Trial Judge to recuse himself from the underlying lawsuits.

Upon thorough review of the filings submitted by Plaintiff in support of this appeal, we conclude that he has failed to produce evidence that would prompt a person of ordinary prudence in the Trial Judge's position, with knowledge of all facts known to the Trial Judge, to find a reasonable basis for questioning the judge's impartiality. Therefore, we discern no error in the Trial Judge's denial of Plaintiff's motions for recusal.

*c.*

Notwithstanding our conclusion regarding the propriety of the Trial Judge's denial of the recusal motions, we must address the trial court's grant of the motion for a pre-filing screening mechanism while Plaintiff's first recusal motion was pending. While a recusal motion is pending, "the judge whose disqualification is sought shall make no further orders and take no further action on the case, except for good cause *stated in the order in which such action is taken*." Tenn. R. S. Ct. 10B, § 1.02 (emphasis added). Plaintiff filed his first recusal motion on November 6, 2025. The trial court entered the order granting the pre-filing screening mechanism and a pre-filing injunction on November 19, 2025, and entered the order denying the recusal motions on December 10, 2025. The order granting the pre-filing screening mechanism does not contain any language indicating that the trial court has made a finding of good cause to enter such order while the motion to recuse was pending. The trial court acknowledges this issue in its order denying the recusal motions and even makes a finding that the November 19 order "stated sufficient good cause to remain in full force and effect despite [Plaintiff's] Motion to Recuse" and "demonstrated sufficient findings of fact and conclusions of law to justify [the trial court's] action and the entry of that order[.]"

Section 1.02 of Rule 10B "requires the trial court to first analyze the motion to disqualify before proceeding to any substantive issues in the case." *Hastings v. Hastings*, No. W2020-01225-COA-R3-JV, 2024 WL 1480373, at *7 (Tenn. Ct. App. Apr. 5, 2024), *perm. app. denied* (Tenn. 2024) (quoting *In re Destiny C.*, No. M2021-00533-COA-R3-PT, 2022 WL 2287022, at *10 (Tenn. Ct. App. June 24, 2022)). Nothing in the November 19 order granting the motion for a pre-filing screening mechanism indicates that the trial court considered Plaintiff's pending recusal motion before entering that order. The plain language of section 1.02 requires that the good cause finding be made "in the order in which such action is taken[;]" therefore, it is not sufficient that the trial court later found good cause to have entered the November 19 order when such good cause finding was not stated in the November 19 order itself. Moreover, we cannot ascribe any significance to the fact that the motion for a pre-filing screening mechanism was heard by the trial court

on August 25, 2025, before Plaintiff's first recusal motion was filed, because a trial court speaks through its written orders. *See Williams v. City of Burns*, 465 S.W.3d 96, 119 (Tenn. 2015). Per Rule 10B's plain language, the trial court should have ruled on the recusal motion before taking further action in the case. Consequently, the trial court's order granting the motion for a pre-filing screening mechanism entered in docket nos. V-23-330 and V-25-048 on November 19, 2025, and the pre-filing injunction entered by the trial court in docket no. V-24-660 on November 19, 2025, must be vacated.[2]

*d.*

A group of defendants in the underlying lawsuits, Derek W. Mullins; Justin M. Sveadas; Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.; and Truist Financial Corporation, have filed a motion for attorney's fees in this appeal pursuant to Tennessee Code Annotated section 27-1-122. In support thereof, they argue that "[t]his appeal is patently frivolous and arose from an improper purpose." They note that Plaintiff filed a recusal motion on similar grounds against another Bradley County Circuit Court judge just a few months prior to the recusal motions in this case and that this Court affirmed that judge's denial of such recusal motions. *See Tepe v. Blair*, No. E2025-00552-COA-T10B-CV, 2025 WL 1380788 (Tenn. Ct. App. May 13, 2025), *perm. app. denied* (Tenn. 2025). Therefore, they argue Plaintiff "had ample notice of the applicable standards for a meritorious motion to recuse and, thus, should have known better than to file and appeal a second groundless motion arguing the same or substantially similar grounds."

Section 27-1-122 authorizes this Court to award a party its attorney's fees and costs incurred on appeal "[w]hen it appears . . . that the appeal from any court of record was frivolous or taken solely for delay[.]" "A frivolous appeal is one that is devoid of merit, *Combustion Eng'g, Inc. v. Kennedy*, 562 S.W.2d 202, 205 (Tenn. 1978), or one that has no reasonable chance of succeeding." *Young v. Barrow*, 130 S.W.3d 59, 67 (Tenn. Ct. App. 2003) (citing *Davis v. Gulf Ins. Grp.*, 546 S.W.2d 583, 586 (Tenn. 1977)). On one hand, section 27-1-122 "must be interpreted and applied strictly so as not to discourage legitimate appeals[.]" *Gulf Ins. Grp.*, 546 S.W.2d at 586. On the other hand, "[s]uccessful litigants should not have to bear the expense and vexation of groundless appeals." *Id.* Given the competing considerations, whether to award damages under section 27-1-122 rests soundly within the reviewing court's discretion. *Chiozza v. Chiozza*, 315 S.W.3d 482, 493 (citing *Whalum v. Marshall*, 224 S.W.3d 169, 180–81 (Tenn. Ct. App. 2006)).

Although Plaintiff's appeal is largely unsuccessful, we note that Plaintiff succeeds on the issue regarding the timing of the pre-filing screening mechanism. We agree that the

---

[2] We remind the parties that in a Rule 10B appeal, "the only order we may review is the trial court's order that denies a motion to recuse." *Duke*, 398 S.W.3d at 668. Accordingly, we cannot review the correctness or merits of the trial court's other rulings, including the award of the pre-filing screening mechanism and the pre-filing injunction. *Id*. We reiterate that our decision to vacate the November 19 order is based only on its timing, not its substance.

bulk of this appeal is without merit and borders on frivolous; but given that Plaintiff is not entirely unsuccessful, we decline to award attorney's fees in this case.

## Conclusion

For the foregoing reasons, we vacate the trial court's order granting the motion for a pre-filing screening mechanism in docket nos. V-23-330 and V-25-048 and the pre-filing injunction in docket no. V-24-660, both filed on November 19, 2025. The trial court's denial of the recusal motions is affirmed in all other respects. The costs of this appeal are taxed to the appellant, Mawule Tepe, for which execution may issue.

_____
KRISTI M. DAVIS, JUDGE